492 So.2d 692 (1986)
Frederick Charles HALL, Appellant,
v.
STATE of Florida, Appellee.
No. BH-68.
District Court of Appeal of Florida, First District.
July 2, 1986.
Rehearing Denied September 2, 1986.
Michael E. Allen, Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Kurt L. Barch, Asst. Atty. Gen., for appellee.
NIMMONS, Judge.
Hall appeals his conviction and sentence for possession of a firearm by a convicted felon. We find no merit in the appellant's asserted grounds for reversal of his conviction and therefore affirm the conviction. However, we reverse the sentence for failure of the trial court to set forth in writing its reasons for departing from the sentencing guidelines sentence range.
Hall was sentenced as an habitual offender pursuant to Section 775.084, Florida Statutes (1983). The findings required by that statute were made in open court and a copy of that portion of the transcript was attached to the sentence. While sentence of a defendant as an habitual offender is a sufficient ground for guidelines departure, Shull v. State, 481 So.2d 1294 (Fla. 1st DCA 1986); Payne v. State, 480 So.2d 202 (Fla. 1st DCA 1985) (on motion for rehearing); and Whitehead v. State, 467 So.2d 779 (Fla. 1st DCA 1985), and although the requisite findings to support imposition of an habitual offender sentence need not be in writing under the habitual offender statute, the trial court must nevertheless reduce to writing its reasons for departure. See Shull v. State, supra, Cuthbert v. State, 459 So.2d 1098, 1100, n. 3 (Fla. 1st DCA 1984). The Supreme Court held in *693 State v. Jackson, 478 So.2d 1054 (Fla. 1985), that a transcript of oral statements made by the judge at sentencing will not satisfy the sentencing guidelines requirement of written reasons.
Accordingly, we AFFIRM the judgment but REVERSE the sentence and REMAND for the imposition of a new sentence consistent with this opinion.
WENTWORTH, J., and WILLIS, BEN C., (Ret.) Associate Judge, concur.