SHIVERS, Judge.
Appellant appeals his sentence contending it improperly exceeds the sentencing guidelines range. Because the trial court failed to set forth in writing its reasons for departing from the guidelines range, we must reverse and remand for resentencing.
At the sentencing hearing, the trial court orally stated that it was departing from the guidelines range “because the Defendant is adjudged a habitual offender....” [1] This excerpt from the sentencing hearing was transcribed by the court reporter and placed in the record. However, a transcript of oral statements made by the judge during sentencing will not satisfy the sentencing guidelines requirement of written reasons. State v. Jackson, 478 So.2d 1054, 1055 (Fla.1985). The trial court’s failure to put in writing its reasons for departing from the guidelines constitutes reversible error. Hall v. State, 492 So.2d 692 (Fla. 1st DCA 1986); and Holt v. State, 472 So.2d 551 (Fla. 1st DCA 1985).
Since the cause must be remanded for resentencing, we caution the trial court, as we did in Holt, 472 So.2d at 552, that should it again sentence appellant as a habitual offender, that it should make specific findings of fact as to why it is necessary for the protection of the public to sentence appellant to an extended term. The trial court’s statement “[t]hat imposition of sentence under the enhanced penalty provisions of Section 775.084, Florida Statutes, for Habitual Felony Offenders is necessary in this instance for the protection of the public from further criminal activity by the Defendant” does not satisfy the specificity requirements of the habitual offender statute. Bogan v. State, 489 So.2d 157, 158 (Fla. 2d DCA 1986).
REVERSED and REMANDED for proceedings consistent with this opinion.
WENTWORTH and BARFIELD, JJ„ concur.

. We note that the court’s finding, supported by the record, that a defendant is a habitual offender constitutes a clear and convincing reason for departure. Hall v. State, 492 So.2d 692 (Fla. 1st DCA 1986) (and cases cited therein).