JOANOS, Judge.
Hill appeals his conviction and sentence for dealing in stolen property. Hill asserts that the trial court erred in denying his motion for continuance or exclusion of testimony. Hill also contends that the trial court erred in finding the appellant to be an habitual offender. We find no merit in the appellant’s asserted grounds for reversal of his conviction and therefore affirm the conviction. However, because Hill was sentenced as an habitual offender pursuant to Section 775.084 Florida Statutes (1985), and sentenced to 15 years incarceration, which exceeds the sentencing guidelines recommendation by 7 years, the trial court was required to set forth in writing its reasons for departing from the sentencing guidelines range. Our review of the record reveals that the trial court failed to reduce to writing its reasons for departure. The Florida Supreme Court as well as this court has previously held that a transcript of oral statements made by the judge at sentencing will not satisfy the sentencing guidelines requirement of written reasons. See Jackson v. State, 478 So.2d 1054 (Fla.1985); Hall v. State, 492 So.2d 692 (Fla. 1st DCA 1986), and Shull v. State, 481 So.2d 1294 (Fla. 1st DCA 1986). *545 Also, the trial court may no longer depart from the guidelines based on appellant’s habitual offender status. The Florida Supreme Court has recently held that habitual offender status does not provide an exemption to guidelines sentencing nor is it an adequate reason to depart from the recommended guidelines sentence. Whitehead v. State, 498 So.2d 863 (Fla.1986). However, the trial court may still depart from the guidelines sentence if clear and convincing reasons can be set forth.
Accordingly, we affirm the judgment but reverse the sentence and remand for new sentencing consistent with this opinion.
BOOTH, C.J., and ZEHMER, J., concur.