500 So.2d 285 (1986)
Kenneth WEBSTER, Appellant,
v.
STATE of Florida, Appellees.
No. BK-77.
District Court of Appeal of Florida, First District.
December 23, 1986.
*286 Michael Allen, Public Defender, P. Michael Brinkmeyer and Ann Cocheu, Asst. Public Defenders, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Kurt Barch, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Judge.
Webster appeals his judgment and sentence for manslaughter, claiming error in the trial court's exclusion of the testimony of a defense witness regarding the victim's reputation for violence in the community, and in imposing a sentence in excess of the statutory maximum and in excess of the recommended sentencing guidelines range. We affirm in part and reverse in part.
Appellant was charged with second degree murder after he shot and killed Jeffery L. Irby outside a night club in the presence of thirty to forty people. During his trial, at which both the state and defense presented eyewitness testimony, appellant claimed self-defense. The jury found defendant guilty of manslaughter with a firearm.
Defense witness, Alex Bonner, testified that the victim had been his roommate for one and one-half years sometime between 1976 and 1981, but that during the past three years he had barely seen the victim or any of his friends. He stated that he *287 knew at least 12 people who knew the victim and that some of these people were students at FAMU, a couple were in fraternities, and others were just people. Upon objection by the state, the trial court prohibited the witness from presenting reputation testimony, because defense counsel had not established a definable community and the testimony was too remote.
Defense witness, Joseph Aloi, who was an investigator and bail bondsman, testified that the victim had a bad reputation for violence in the community. He stated that he had known the victim for the past four years and knew about forty friends and associates of the victim.
Under the Florida Evidence Code, sections 90.404(1)(b)1 and 90.405(1), Florida Statutes (1985), the accused may introduce by reputation testimony a pertinent character trait of the victim to prove that he acted in conformity with his character on a particular occasion. Section 90.803(21) allows evidence of reputation of a person's character among his associates or in the community to be admitted as an exception to the hearsay rule.
Appellant argues that the trial court erred in ruling that he failed to establish an identifiable community on which to base reputation testimony. We disagree. Although a college campus may qualify as a definable community, appellant failed to establish the necessary predicate for introduction of evidence of reputation in that community. Before a person's reputation may be established on a college campus or other non-residential community, there must be a showing of the unavailability of reputation witnesses from the person's residential community. Hamilton v. State, 129 Fla. 219, 176 So. 89 (1937); Parker v. State, 458 So.2d 750 (Fla. 1984); Hawthorne v. State, 377 So.2d 780 (Fla. 1st DCA 1979). As noted earlier, defense witness Joseph Aloi testified to the victim's reputation for violence in his residential community. That appellant was unable to establish the necessary predicate for the proffered reputation testimony is therefore apparent from the record. We need not address the issue of the remoteness of the evidence.
Appellant also contends that the trial court erred in imposing a sentence in excess of 15 years, the statutory maximum for manslaughter, a second degree felony. §§ 782.07 and 775.082(3)(c), Florida Statutes (1983). The judgment and scoresheet herein both classified the crime as a second degree felony. The trial court imposed a 20-year sentence, which would be an unlawful sentence unless appellant's offense is reclassified as a first degree felony. Whenever a person uses a firearm during the commission of a second degree felony, that felony shall be reclassified to a first degree felony. § 775.087, Florida Statutes (1983). A defendant may be imprisoned up to 30 years for committing a first degree felony. § 775.082(3)(b), Florida Statutes (1983).
At the sentencing hearing, the state requested the trial court to correct the scoresheet to reflect a first degree felony, to which defense counsel objected because of the absence of a specific jury finding on the use of a firearm. The trial judge's response was that the jury could not have found defendant guilty without also finding that he used a firearm, an obvious reference to the requirement that before a felony is reclassified from second to first degree, the trier of fact must find that the defendant carried, displayed, used, etc., a firearm. State v. Smith, 462 So.2d 1102 (Fla. 1985); State v. Overfelt, 457 So.2d 1385 (Fla. 1984). Although in the instant case the verdict form did not contain a written interrogatory as to whether the defendant did or did not use a weapon, the verdict form did show that the jury found defendant guilty of "manslaughter with a firearm." We agree that this language is sufficient to constitute a jury finding on the issue.
Having imposed a sentence greater than the maximum allowed for a second degree felony, it is rather obvious that the trial court intended to reclassify the felony from second to first degree. However, the *288 scoresheet and judgment were never corrected. Since the recitations of judgment and scoresheet are not in accord with the penalty imposed, the case must be remanded for resentencing, at which time it will be necessary for the trial court to have the benefit of an accurately prepared scoresheet. Davis v. State, 493 So.2d 82 (Fla. 1st DCA 1986).
Appellant next argues that the trial court erred in aggravating the sentence. The recommended guidelines sentencing range was 3-7 years, and if the felony is reclassified to first degree, then 7-12 years. The trial court imposed a 20-year sentence, giving its written reasons for departure as follows:
(1) The defendant engaged in criminal conduct in such fashion as to expose many persons to risk of injury or death.
(2) Any other reasons articulated by this court at the sentencing hearing. The sentencing hearing was duly reported by an official court reporter of the circuit and, in the event of appeal, the proceeding shall be transcribed and reduced to writing for appropriate appellate review. Therefore, the court adopts and incorporates herein such reasons and in the event of appeal, a transcript of the proceedings are to be attached hereto and become a part hereof.
We find the first reason for departure is clear and convincing. The shooting occurred outside a night club at approximately 2:00 A.M. Defendant was 10-15 feet from the victim when he shot him. One witness testified that 30-40 people were in the vicinity, and another witness testified that he was standing about three feet from both the victim and the defendant when the shooting occurred. On the facts of this case, we hold that the defendant evinced a flagrant disregard for the safety of others. Scurry v. State, 489 So.2d 25 (Fla. 1986); Johnson v. State, 462 So.2d 49 (Fla. 1st DCA 1984).
The second reason for departure is not clear and convincing. Oral statements made by the judge at sentencing will not satisfy the sentencing guidelines requirement of written reasons. Jackson v. State, 478 So.2d 1054 (Fla. 1985); Hill v. State, 498 So.2d 544 (Fla. 1st DCA 1986); Hall v. State, 492 So.2d 692 (Fla. 1st DCA 1986); and Shull v. State, 481 So.2d 1294 (Fla. 1st DCA 1986). A review of the record, however, reveals that the trial judge based his departure on a single reason. Although at sentencing the trial judge stated that he did take into consideration the extremely powerful weapon used, a .45 caliber handgun (described during the trial as a weapon developed for military combat), we do not view this as being given as a separate reason for departure, but more in the nature of a fact supporting the conclusion that many persons were exposed to the risk of great personal injury or death, thereby evincing a flagrant disregard for the safety of others. But, cf. Scurry v. State, supra (use of a rifle in shooting of victim is not a clear and convincing reason for departure).
Even though we find the reason for departure from the recommended sentencing guidelines clear and convincing, we reverse the sentence and remand for resentencing after a corrected scoresheet and judgment have been prepared.
THOMPSON and WIGGINTON, JJ., concur.