PER CURIAM.
Appellant seeks review of an order denying him relief pursuant to CrRP 1.850, 33 F.S.A.
This appellant has been given a full evidentiary hearing on a prior CrRP 1.850 petition. That proceeding questioned issues not raised by this petition. In the instant case, the trial judge denied an evidentiary hearing on these allegations:
“That the plaintiff in the instant case knowingly and wilfully allowed his key witness (Eleanor Stanfield), to commit perjury on the witness stand without correcting the perjured testimony, thereby rendering the judgment and sentence in said case null and void.”
Certainly, the decisions of our state courts are uniform in holding that the wilful use by public prosecutors of false testimony concerning material matters, when such testimony is known by the state to be perjured testimony, is grounds for relief under former Rule 1, now CrRP 1.850. Bogan v. State, Fla.App.1968, 211 So.2d 74, 77 and cases cited therein.
But, coupled with that holding is another equally compelling rule which was designed to give a trial judge the most advantageous opportunity to determine whether a petitioner’s allegation justified the time and expense of the state in defense of those allegations. That rule may be summarized as: A mere allegation of the knowing use of perjured testimony without substantiating facts and documents, does not require full evidentiary hearing pursuant to CrRP 1.850. Simmons v. State, Fla.App.1968, 212 So.2d 659; Gammage v. State, Fla.App.1964, 162 So.2d 529; Austin v. State, Fla.App.1964, 160 So.2d 730. We hold that this latter rule controls this case and therefore, the order appealed is affirmed.
Affirmed.