PER CURIAM.
Jones seeks reversal of his convictions for robbery and false imprisonment contending that the trial court erred by denying his motion for mistrial without conducting a full inquiry as mandated by Richardson v. State, 246 So.2d 771 (Fla.1971), into the circumstances surrounding the state’s violation of Florida Rule of Criminal Procedure 3.220(a)(l)(iii). We agree and reverse.
In response to Jones’ written discovery demand, the state replied that Jones had made no written, recorded or oral statements. At trial, the state, over Jones’ objection and motion for mistrial, elicited testimony from the arresting officer concerning an oral statement made by Jones at the time of his arrest. The inquiry conducted by the trial court was insufficient to satisfy the requirements of Richardson, supra, since the circumstances establishing non-prejudice to Jones do not affirmatively appear in the record. Counsel’s knowledge of Jones’ statement prior to trial may well have affected defense tactics or may have afforded defense counsel an opportunity to refute or temper the prejudicial effect of the statement. Since the inquiry herein does not comply with the dictates of Richardson, supra, the cause must be reversed and remanded for a new trial. Smith v. State, 372 So.2d 86 (Fla.1979).
McCORD, Acting C. J., SHIVERS, J., and MASON, ERNEST E., Associate Judge, concur.