PER CURIAM.
The subject of these consolidated appeals is a judgment and sentence, following a jury trial, for unlawfully entering a conveyance and grand theft, Case No. WW-394, and the revocation of appellant’s probation, which had resulted from a previous conviction, Case No. XX-30. We find merit in two of the points raised.
On September 1, 1979, someone broke into an automobile parked in front of Jewell’s Bar in Pensacola and took a watch which had been left in the car. Appellant was charged with breaking into the car and stealing the watch. Mrs. Jewell Barr, owner of the bar, had been present at the bar when the incident occurred and was listed on the State’s witness list and scheduled to testify at the jury trial. Due to a serious family illness, Mrs. Barr was unable to appear as a witness. Instead, the State called Mr. Kenneth White, who had also been present at the bar when the incident occurred outside of the bar. Mr. White had not been listed on the State’s witness list pursuant to Rule 3.220, Fla.R.Cr.P.
As soon as the State announced that it would call Mr. White instead of Mrs. Barr, the trial judge said, “We can give counsel the right to depose him and there will be no bias or prejudice. They know what he’s going to essentially testify to.” Defense counsel stated he had no idea what Mr. White would testify to. The court replied that all it could do was give defense counsel an opportunity to depose the witness. Defense counsel brought up the subject of a Richardson inquiry, and alluded to the possibility of prejudice, stating that the defense was based on certain statements known to have been made by the original State’s witness. The trial judge again stated that defense counsel could depose the witness before further testimony was taken. After the witness was deposed, defense counsel again stated his opposition to allowing the witness to testify and represented to the court that White’s testimony differed “in material respects from both the police report and what my prior investigation indicates the State’s witnesses were going to testify to, and I feel I’ve been prejudiced by the allowance of this testimony, particularly at this late date.” Nevertheless, the court said he was complying with the law as stated in Cooper v. State, 336 So.2d 1133 (Fla.1976), by giving defense counsel an opportunity to depose the witness before his testimony was admitted. Subject to defense counsel’s objection, Mr. White was then called by the State to testify.
We agree with appellant that the trial court erred in failing to conduct an inquiry pursuant to Richardson v. State, 246 So.2d 771 (Fla.1971). Under Richardson, a trial court may, in its discretion, determine whether the State’s non-compliance with the discovery rules would result in prejudice or harm to the defendant; however, the trial court may properly exercise its discretion only after an adequate inquiry into the circumstances surrounding the non-compliance. The inquiry may include, but is not limited to, whether the violation was inadvertent or willful, whether it was trivial or substantial, and what effect, if any, the violation had on the defendant’s ability to prepare for trial. Id. The State has the *1169 burden of showing that there has been no prejudice. Cumbie v. State, 345 So.2d 1061 (Fla.1977).
Although it is apparent that the breach was unintentional, the more important question involves the effect of the breach on the defendant’s ability to prepare for trial.
In the instant case, the trial court assumed without inquiry that White’s testimony would be essentially the same as Mrs. Barr’s testimony would have been, even though after deposing the witness, defense counsel stated that material differences existed in the testimony. If the full inquiry required by Richardson is not made, an appellate court cannot review the record and determine that the error was harmless. Cumbie v. State, supra; Boynton v. State, 378 So.2d 1309 (Fla. 1st DCA 1980), cert. denied, 386 So.2d 642 (Fla.1980); Jones v. State, 376 So.2d 437 (Fla. 1st DCA 1979); McClellan v. State, 359 So.2d 869 (Fla. 1st DCA 1978), cert. denied, 364 So.2d 892 (Fla.1978).
The trial court referred to Cooper v. State, 336 So.2d 1133 (Fla.1976), in stating that it was sufficient to allow defense counsel to depose the undisclosed witness. In Cooper, however, the trial court held a lengthy hearing in order to determine whether the defense had been unfairly surprised. The assumption that the opportunity to depose always cures a failure to comply with the discovery rules is an incorrect interpretation of the law. McClellan v. State, supra. Accordingly, we reverse and remand for a new trial.
The record reflects that appellant’s probation, resulting from a previous conviction, was revoked solely because of the conviction for unlawfully entering a conveyance and grand theft. The proof consisted of testimony of a deputy clerk of the circuit court to the effect that a verdict had been rendered and sentence imposed in that case. Appellee concedes that the court made no independent determination that a violation of law had occurred. Inasmuch as we are reversing the judgment and sentence for unlawfully entering a conveyance and grand theft, the revocation of probation must also be reversed and remanded. State ex rel Roberts v. Cochran, 140 So.2d 597 (Fla.1962). On remand, the court should make an independent determination of whether the conditions of the probation were violated. Id.
Case WW-394 is reversed and remanded for new trial. Case XX-30 is reversed and remanded for an independent determination as to violation of the conditions of probation.
McCORD and SHIVERS, JJ., and MASON, ERNEST E., (Retired) Associate Judge, concur.