SHIVERS, Judge.
McCollough appeals his convictions and sentences for grand theft and malicious mischief. Appellant argues that the trial court committed reversible error by failing to make a Richardson inquiry after allowing into evidence the surprise testimony of a State witness concerning statements made to the witness by appellant. We agree, reverse and remand.
McCollough was accused of grand theft of merchandise from an Albertsons grocery *148 store and malicious mischief in connection with the breaking of a window on a Tallahassee police car. Appellant filed a demand for discovery seeking, inter alia, information and materials specified in Florida Rules of Criminal Procedure 3.220(a)(1) and (2). Rule 3.220(a)(1)(iii) requires the prosecution to reveal the substance of any oral statement made by the accused. The State’s answer to demand for discovery states, “The defendant did not make oral statements .... ”
At trial, Jose Melappana testified that he was working at the Albertsons store at about 6:00 A.M. on October 25, 1981. Me-lappana advised Harry Pate, another store employee, that someone was leaving the store with a load of meat. Pate went after the person and returned with appellant after a few minutes. Melappana identified appellant as the person who left the store with a load of meat. Pate testified that after Melappana alerted him, he looked out of the store and spotted appellant putting a buggy near a car. Pate ordered him to halt, but appellant began running. Pate tackled appellant and brought him back to the store. At this point in the trial, the prosecutor asked Pate, “Was anything being said while you were going back?” Pate testified that appellant stated, “Come on, let me go. You got your meat and stuff.” At this point, defense counsel asked for a bench conference. Defense counsel objected that the State had violated discovery by making no mention of any oral statements of appellant in the State’s answer to appellant’s demand for discovery. Defense counsel claimed prejudice and moved for a mistrial. The trial court denied the motion for mistrial and allowed the testimony without making a Richardson inquiry. Pate continued his testimony, stating that appellant was the person he had apprehended that morning.
Officer Cofield testified that he placed appellant in the patrol car and went back into the Albertsons store, when he received word that appellant was breaking out of the patrol car. Cofield observed the back glass of his patrol car kicked out, and he pursued appellant into some woods behind the store and reapprehended him. The jury found appellant guilty on both counts, and he was sentenced to four years on the grand theft conviction and sixty days on the malicious mischief conviction.
The State’s non-compliance with discovery rules does not entitle a defendant to a mistrial as a matter of right. Richardson v. State, 246 So.2d 771 (Fla.1971). The trial court has discretion to determine whether the non-compliance resulted in harm or prejudice to the defendant. Id. However, Richardson states:
[T]he court’s discretion can be properly exercised only after the court has made an adequate inquiry into all of the surrounding circumstances. Without intending to limit the nature or scope of such inquiry, we think it would undoubtedly cover at least such questions as whether the state’s violation was inadvertent or wilful, whether the violation was trivial or substantial, and most importantly, what effect, if any, did it have upon the ability of the defendant to properly prepare for trial.
246 So.2d 775 (quoting from Ramirez v. State, 241 So.2d 744 (Fla. 4th DCA 1970)). In the instant case, the trial court denied the motion for mistrial without making the inquiry required by Richardson.
Appellee argues that no discovery violation occurred because the State listed Harry Pate as a witness and appellant did not depose Pate. This contention is without merit. Rule 3.220(a)(l)(iii) clearly requires the State to reveal the substance of any oral statement made by the accused, and the State’s answer to demand for discovery clearly states that the defendant did not make any oral statements. Appellee also argues that no prejudice to appellant resulted from the violation. In essence, appellee asks this court to assume the role of the trial court, conduct a Richardson inquiry from a cold record on appeal, and make the determination of prejudice vel non which Richardson requires of the trial court. This we cannot do. Cumbie v. State, 345 So.2d 1061 (Fla.1977).
*149 Although it may be in the instant case that if the trial court had made a Richardson inquiry it would have found no prejudice to appellant, the lack of such an inquiry is error. Further, the lack of a Richardson inquiry cannot be considered harmless error. Cumbie v. State, supra; Wendell v. State, 404 So.2d 1167 (Fla. 1st DCA 1981).
Accordingly, appellant’s convictions are reversed, the sentences vacated, and this cause is remanded for a new trial.
MILLS and ZEHMER, JJ., concur.