PER CURIAM.
This is an appeal from multiple judgments of conviction and sentences for burglary, robbery, kidnapping (two counts), sexual battery (four counts), and second degree grand theft. Four points are raised on appeal by the defendant Richard A. Walker. We find no merit in these points and affirm.
First, the defendant contends that the trial court erred in failing to conduct a “Richardson” hearing and in denying a motion for mistrial made after a discovery violation was brought to the trial court’s attention during the trial testimony of the female victim Jessie Victor. We cannot agree. Our review of the record reflects that the trial court conducted an extensive “Richardson” hearing below after being informed of the subject discovery violation—a hearing which consumes twenty-four pages of the trial transcript herein. The trial court found at the conclusion of the hearing that the defendant had not been prejudiced by the discovery violation, as defense counsel’s preparation for the trial would not have been any different had he been aware of the undisclosed evidence in question. This being so, and given the overwhelming proof of guilt in this cause, the trial court properly denied the defense motion for a mistrial. See Richardson v. State, 246 So.2d 771 (Fla.1971); Borges v. State, 459 So.2d 459 (Fla. 3d DCA 1984).
Second, the defendant contends that the trial court erred in denying a motion for mistrial made after a police detective testified that the defendant did not wish to give a stenographic statement to the police, but instead gave an unrecorded oral statement to the police. Plainly, this testimony in no sense represents, as urged, an assertion of the defendant’s right to remain silent and was properly admitted below. Love v. State, 438 So.2d 142, 144 (Fla. 3d DCA 1983). Beyond that, the error here, if any, in admitting the evidence complained of was harmless beyond a reasonable doubt given the overwhelming proof of guilt adduced below. See State v. DiGuilio (Fla.1985) (case no. 65,490, opinion filed August 29, 1985) [10 F.L.W. 430]; State v. Prosser, 235 So.2d 740 (Fla. 1st DCA 1970), cert. dismissed, 243 So.2d 419 (Fla.1971).
Third, the defendant contends that the trial court erred in denying his motion to suppress his oral statements to the police based on Miranda grounds. This contention has given us some pause because it is undisputed that the defendant, after being advised of his Miranda rights by the police, stated that he did not wish to speak to the police without an attorney being *1324 present. Ordinarily, this showing would preclude the admission of any subsequent statement made by the defendant to the police “unless the accused himself initiates further communication, exchanges, or conversations with the police.” Edwards v. Arizona, 451 U.S. 477, 485, 101 S.Ct. 1880, 1885, 68 L.Ed.2d 378, 386 (1981). In this case, however, the defendant himself initiated further communication with the police and indicated a desire to cooperate with the authorities — notwithstanding his prior assertion of rights to the contrary. Further, we reject the contention that the defendant was pressured or coerced into this subsequent communication with the police. See Norris v. State, 429 So.2d 688 (Fla.1983). Thereafter, the defendant voluntarily executed a proper waiver of rights form and gave a voluntary, oral statement to the police. Under these circumstances, the defendant's statement was properly admitted below and the trial court committed no error in denying the aforesaid motion to suppress.
Fourth, the defendant contends that the trial court erred in denying a defense motion to disqualify the trial judge below. As the defendant concedes, however, this motion was never ruled on below and therefore cannot present error unless the error complained of is fundamental in nature. We have examined the record before us and discern that no fundamental error is presented herein.
The final judgments of conviction and sentences are, therefore, in all respects
Affirmed.