WIGGINTON, Judge.
Appellant challenges the trial court’s decision to depart from the recommended guidelines sentence on the basis of appellant’s status as a habitual felony offender. He also challenges the extent of the departure. We need not reach that second issue, however, as we reverse on the first in light of the supreme court’s very recent decision in Whitehead v. State, — So.2d-, Case No. 67,053 (Fla. Oct. 30, 1986), holding that a departure based on the criteria of the habitual offender statute is improper and in conflict with Hendrix v. State, 475 So.2d 1218 (Fla.1985). Accordingly, the cause is remanded for resentencing within the guidelines unless a valid written reason for departing from the guidelines is set forth.[1]
REVERSED.
ERVIN and BARFIELD, JJ., concur.

. Although not challenged on appeal, we note the remaining reason for departure was premised on "obvious and profound emotional shock and trauma” suffered by the victim. Because the offense to which appellant pled nolo conten-dere was robbery with aggravated battery, the court, in considering whether to depart for that reason should be cognizant of the holdings in Lerma v. State, 497 So.2d 736, (Fla.1986); State v. Cote, 487 So.2d 1039 (Fla.1986); and Williamson v. State, 496 So.2d 886 (Fla. 2d DCA 1986).