499 So.2d 912 (1986)
Al Prosperty SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. BF-34.
District Court of Appeal of Florida, First District.
December 23, 1986.
*913 T. Whitney Strickland, Jr., Tallahassee, for appellant.
Jim Smith, Atty. Gen., Maria Ines Suber, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Judge.
Appellant appeals his judgment and sentence for burglarizing a dwelling. He asserts that the trial court erred in denying his motion for a mistrial upon learning of the state's discovery violation, and in sentencing him to serve a prison term beyond that recommended by the sentencing guidelines. We affirm the conviction but reverse as to the sentence.
On the morning of the burglary, the victim and her six-year-old daughter were asleep on a sofa bed in her living room while her housemate slept in the bedroom of the small apartment. The victim was awakened by a person bumping her bed and rattling the inside chain on the locked door. Upon awakening, she saw a man standing in front of the door to the apartment. He turned, looked at her, and then departed through the front door. The victim immediately awakened her housemate and then ran to a neighbor's house to call the police. When she returned, she noticed that her window was up with the screen lying on the lawn. Later, the victim discovered that her watch and some money were missing.
Seven fingerprints were taken at the scene of the crime, five of which were identified as belonging to appellant. The other two remained unidentified. After the trial began, the state's expert at the prosecutor's request compared the fingerprints of the victim's housemate with the two unidentified fingerprints, one of which matched. On the same morning that the prosecutor requested the test and received the results, he called the housemate as a witness. While cross-examining the witness, appellant's counsel first learned of the fingerprint comparison.
The trial court conducted an inquiry into the circumstances surrounding the discovery violation. The prosecutor informed the court that he had that very morning requested and received the new evidence which he had intended to use only on rebuttal and would have informed defense counsel prior to its use. Defense counsel's primary objection was that since there was now only one unknown fingerprint, her client's chances for acquittal had been significantly reduced. The trial court permitted defense counsel to depose the state's expert on this evidence and also offered her time to locate her own court-appointed expert, which effort proved unsuccessful. Defense counsel acknowledged that she did not intend to call her expert as a witness, however, since he had identified several of the fingerprints as belonging to appellant. The newly discovered evidence was never introduced at trial, and during closing argument, defense counsel made a reference to the absence of testimony on two of the fingerprints.
The state has an affirmative and continuing duty to disclose to defense counsel certain information within its possession or control, including "results of scientific tests, experiments or comparisons." Rule 3.220(a)(1)(x), Fla.R.Crim.P. Violation of a rule of criminal procedure does not *914 require reversal of a conviction unless the noncompliance with the rule results in prejudice or harm to the defendant. Richardson v. State, 246 So.2d 771 (Fla. 1971); Cannon v. State, 317 So.2d 459 (Fla. 1st DCA 1975); Sykes v. State, 329 So.2d 356 (Fla. 1st DCA 1976). It is within the trial court's discretion to make such a determination, but prior to doing so, the trial court must conduct an adequate inquiry into the circumstances surrounding the discovery violation. The inquiry may include, but is not limited to, whether the violation was inadvertent or willful, whether it was trivial or substantial, and what effect, if any, the violation had on the defendant's ability to prepare for trial. Richardson v. State, supra; Wendell v. State, 404 So.2d 1167 (Fla. 1st DCA 1981).
Here, the facts demonstrate a discovery violation. The state failed to disclose to defense counsel the results of a fingerprint comparison test. In its defense, the state informed the court that it had requested the test and received the results on the same morning that defense counsel discovered the violation. This violation weakened appellant's "phantom burglar" defense, as well as his attack on the credibility of the state's expert witness. Thus, it was not the withholding of the information, but the discovery of it, which created a problem for defense counsel. Under certain circumstances, such late disclosure tactics could prejudice defense counsel in preparation for trial by causing him or her to adopt a spurious defense. This did not happen in the instant case, however, since there is no evidence indicating that the defense preparation would have been different had the undisclosed evidence been available before trial. See Walker v. State, 484 So.2d 1322 (Fla. 3d DCA 1986). Cf. Raffone v. State, 483 So.2d 761 (Fla. 4th DCA 1986) (wherein the court found reversible error where the state disclosed one set of results in the lab report and then attempted to prove something else at trial).
Appellant contends that the state made no attempt to show the absence of prejudice to defendant, contrary to the holdings in Cumbie v. State, 345 So.2d 1061 (Fla. 1977), and Wendell v. State, 404 So.2d 1167 (Fla. 1st DCA 1981). We disagree. Since the lack of prejudice is clearly apparent on the record, and a finding of its absence is implicit in the trial court's ruling, we hold that the state has met its burden of proof in this context. See Borges v. State, 459 So.2d 459 (Fla. 3d DCA 1984). For the foregoing reasons, we affirm the conviction.
We turn next to the guidelines issue. At a post-trial hearing, the trial court determined appellant to be a habitual felony offender. At the sentencing hearing subsequently held, appellant elected to be sentenced under the guidelines. A guidelines scoresheet was prepared indicating a total of 76 points and a sentencing range of three years incarceration. The trial judge adjudicated appellant guilty of burglarizing a dwelling and imposed a sentence of twenty years incarceration, giving written reasons for departure as follows:
(1) Emotional trauma suffered by the victim who was in her home with her small child. The victim testified at trial that she thought initially that the Defendant was a friend but upon viewing him, realized that such was not the case. She described her fear resulting from the episode.
(2) The Defendant has been classified by this Court as an habitual offender and while such classification authorizes the sentence for an offender to be doubled, the sentencing guidelines and scoring factors are not affected.
(3) Any other reasons articulated by this Court at the sentencing hearing held on January 29, 1985. The sentencing hearing was duly reported by an official court reporter of the circuit and, in the event of appeal, the proceeding shall be transcribed and reduced to writing for appropriate appellate review. *915 Therefore, the Court adopts and incorporates herein such reasons and in the event of appeal, a transcript of the proceedings are attached hereto and become a part hereof.
We uphold the first reason for departure from the recommended guidelines sentence. See the following cases for the proposition that emotional trauma suffered by a victim is a valid reason for departure: Lawson v. State, 498 So.2d 541 (Fla. 1st DCA 1986); Bailey v. State, 492 So.2d 738 (Fla. 1st DCA 1986); Stewart v. State, 489 So.2d 176 (Fla. 1st DCA 1986); Wright v. State, 487 So.2d 1176 (Fla. 1st DCA 1986); Brooks v. State, 487 So.2d 68 (Fla. 1st DCA 1986); rev. den. 494 So.2d 1149 (Fla. 1986); Davis v. State, 489 So.2d 754 (Fla. 1st DCA 1986); Crapps v. State, 483 So.2d 544 (Fla. 1st DCA 1986); and Casteel v. State, 481 So.2d 72 (Fla. 1st DCA 1986), quashed on other grounds, 498 So.2d 1249 (Fla. 1986).
The second reason for departure is invalid under the recent Florida Supreme Court decision holding that habitual offender status is an invalid reason for departing from the recommended guidelines sentence. Whitehead v. State, 498 So.2d 863 (Fla. 1986). See also, Sharp v. State, 497 So.2d 736 (Fla. 1st DCA 1986); Hill v. State, 498 So.2d 544 (Fla. 1st DCA 1986).
The third reason for departure is likewise invalid. Oral statements made by the judge at sentencing will not satisfy the sentencing guidelines requirement of written reasons. Jackson v. State, 478 So.2d 1054 (Fla. 1985); Hill v. State, supra; Hall v. State, 492 So.2d 692 (Fla. 1st DCA 1986); and Shull v. State, 481 So.2d 1294 (Fla. 1st DCA 1986).
We reverse the sentence and remand for new sentencing, since we are not convinced beyond a reasonable doubt that notwithstanding the trial court's reliance on two invalid reasons for departure, it would have imposed the same sentence. Albritton v. State, 476 So.2d 158 (Fla. 1985).
Accordingly, we affirm the judgment but reverse the sentence and remand for resentencing consistent with this opinion.
THOMPSON and WIGGINTON, JJ., concur.