Anthony Pierce MATTOX,
Petitioner–Appellant,

v.

Richard L. DUGGER and Robert Butterworth, Attorney General of the State of Florida, Respondents–Appellees.

No. 86–3745.

United States Court of Appeals,
Eleventh Circuit.

March 18, 1988.

Anthony Pierce Mattox, pro se.

Eugene F. Murphy, Jacksonville, Fla., for petitioner-appellant.

John W. Tiedemann, Bradford Lee Thomas, Asst. Attys. Gen., Tallahassee, Fla., for respondents-appellees.

Before HILL and JOHNSON, Circuit Judges, and TUTTLE, Senior Circuit Judge.

HILL, Circuit Judge:

In 1982 Anthony Pierce Mattox was convicted of burglary of a dwelling and grand theft. Police found three fingerprints matching Mattox's in the dwelling. Mattox defended himself by admitting that he had been in the dwelling, but by asserting that he had entered the home with the permission of one of the occupants in order to purchase marijuana.

Petitioner filed an initial appeal with the Florida District Court of Appeal, First District. Petitioner's grounds for appeal included the failure of the trial judge to allow

him full and effective cross-examination of Manly, the occupant from whom Mattox claimed he had purchased the marijuana, and the failure of the state to present sufficient evidence on which to base a conviction. Without issuing an opinion, the District Court of Appeal affirmed the conviction.

Mattox filed a petition for the writ of habeas corpus on September 20, 1983, alleging claims including the two which Mattox had appealed in state court. A federal magistrate recommended that the petition be dismissed without prejudice to allow the petitioner to exhaust state remedies: while petitioner had presented the identical claims in state court, he had presented them in terms of state rather than federal constitutional grounds. A federal district judge entered the order suggested by the magistrate.

On September 18, 1984, Mattox set forth his claims under federal constitutional grounds and filed in the Florida court for post-conviction relief under Fla.R.Crim.P. 3.850. On March 6, 1985, the Florida court denied the motion, finding that the motion's grounds either were a rehash of prior arguments or should have been made previously. On August 15, 1985, the denial of relief was affirmed on appeal without opinion.

Mattox again filed a petition for the writ of habeas corpus, again asserting insufficiency of the evidence and of the cross-examination of a state witness. A magistrate recommended that Mattox's claims be dismissed for procedural default pursuant to *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). After *de novo* review, the district judge agreed. Mattox appealed.

■ We affirm the district court's denial of the writ, but we cannot concur in the reasoning of that court. We do not believe Mattox procedurally defaulted on his claims. While Mattox may not have labelled his original claims as "federal" constitutional ones, only the label differentiates the claims Mattox made in state court from those he makes in this petition. Furthermore, in responding to Mattox's claims in state court, the state cited and relied on

federal cases based on federal constitutional law. We conclude that Mattox met the Supreme Court's standard for avoiding procedural default:

> [W]e do not imply that respondent could have raised the equal protection claim only by citing "book and verse on the federal constitution." *Daugharty v. Gladden*, 257 F.2d 750, 758 (CA9 1958); see *Kirby v. Warden*, 296 F.2d 151 (CA4 1961). We simply hold that the substance of a federal habeas corpus claim must first be presented to the state courts.

*Picard v. Connor*, 404 U.S. 270, 278, 92 S.Ct. 509, 513, 30 L.Ed.2d 438 (1971). Based on the entire record, we believe the state court was given adequate opportunity to deal with the "substance" of the issues presented in the writ.

Nevertheless, we affirm the decision of the district court because we find that petitioner offers no genuine issue meriting the writ. We cannot state as a matter of federal constitutional law that the evidence against the defendant was insufficient. "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

■ The state presented evidence that the house had been burglarized, that the defendant had been in the home, and that no occupant of the house knew the defendant or had invited him into the house. While the defendant presented a different version of the facts, it cannot be said that no rational trier of fact could have convicted Mattox. The jury was free to disbelieve the defendant.

■ Similarly, we cannot hold as a matter of federal constitutional law that Mattox was denied a proper scope in cross-examining Manly. The trial judge permitted Mattox to cross-examine the occupants of the home as to whether they had invited Mattox into the house for any purpose, and

allowed Mattox to ask Manly whether Mattox had been invited into the home for the purpose of smoking or purchasing marijuana. Mattox was also allowed to inquire as to whether Manly kept marijuana in his home. We do not believe the trial court committed any error of constitutional proportions in then denying questions probing matters such as the occupant's own drug use.

The denial of petitioner's writ of habeas corpus is

AFFIRMED.