ERVIN, Judge.
Anthony Mattox, appellant, appeals the summary denial of his combined motions for 3.850, error coram nobis, and habeas corpus relief. He claims that he was deprived of a fair trial because the prosecution failed to disclose certain fingerprint evidence to him prior to trial, and because the prosecution withheld an evidence report that was favorable to him. He also argues that his enhanced sentence as an habitual offender exceeds the limits provided by law. We affirm for the reasons stated below.
Mattox’s first argument is that the state introduced three fingerprints at trial after disclosing to the defense evidence of only one print prior to trial. He should have raised this issue in his direct appeal.[1] See, e.g., Smith v. State, 499 So.2d 912 (Fla. 1st DCA 1986); Henry v. State, 519 So.2d 84 (Fla. 4th DCA 1988).
Mattox next charges that a previously undisclosed evidence report dated December 11, 1981, allegedly shows that the fingerprint evidence used to convict him was legally insufficient. Mattox obtained the report pursuant to a public records request, but then lost his copy, and he states that he has been frustrated in his attempt to obtain a duplicate from the Duval County Sheriffs Department. However, Mattox has failed to substantiate his allegation with proof that the sheriffs office has refused to provide him with a copy. Because Mat-tox failed to attach a copy of the report to his motion, he therefore was not entitled to an evidentiary hearing based simply upon his allegation that the state knowingly obtained his conviction based upon insufficient evidence. See Conyers v. State, 215 So.2d 616 (Fla. 3d DCA 1968), cert. denied, 222 So.2d 749 (Fla.1969).
Finally, Mattox contends that the trial court relied upon improper considerations when it sentenced him under the habitual offender statute. However, the reasons Mattox quotes were provided by the court as justification for retaining jurisdiction over his sentence rather than for sentencing him as an habitual offender. In any event, Mattox already unsuccessfully challenged his sentence as an habitual offender *794 in a prior motion for post-conviction relief,[2] and unsuccessfully challenged the trial court’s retention of jurisdiction in his direct appeal.
The summary denial of Mattox’s motions is AFFIRMED, without prejudicing his opportunity to demonstrate that he has exhausted all efforts to obtain a copy of the December 11, 1981 evidence report.
NIMMONS, J., and FORD L. THOMPSON, (Ret.), Associate Judge, concur.

. Mattox's conviction and sentence were per curiam affirmed by this court in 1983. Mattox v. State, 433 So.2d 521 (Fla. 1st DCA 1983).

. Mattox has sought post-conviction relief on six prior occasions: * two Rule 3.850 motions (Case No. BA-409 and Case No. BF-304), two Rule 3.800(a) motions (Case No. BM-7 and Case No. 88-1333), and two petitions for writ of habeas corpus (Case No. BQ-409 and Mattox v. Dugger, 839 F.2d 1523 (11th Cir.), cert. denied, 488 U.S. 833, 109 S.Ct. 92, 102 L.Ed.2d 68 (1988)).