PER CURIAM.
Anthony Mattox appeals, pursuant to rule 9.140(g), Florida Rules of Appellate Procedure, the denial of his rule 3.850 motion for post-conviction relief. The circuit court ruled that the motion was untimely and raised issues that should have been raised on direct appeal or were raised previously in a prior rule 3.850 motion.
It appears from the allegations in Mat-tox’s motion and the prior proceedings in this court that on June 21, 1990, this court affirmed the circuit court’s summary denial of Mattox’s combined motions for relief under rule 3.850, error coram nobis, and habeas corpus relief. Mattox v. State, 563 So.2d 793 (Fla. 1st DCA 1990), cert. denied, — U.S. —, 111 S.Ct. 798, 112 L.Ed.2d 859 (1991). That decision held, among other things, that Mattox’s request for relief based on the state’s presentation of evidence of three fingerprints at trial after disclosing only one print to defense counsel prior to trial should have been raised on direct appeal. With respect to Mattox’s contention that a previously disclosed evidence report dated December 11, 1981, showed that the fingerprint evidence used to convict him was legally insufficient and that he had been frustrated in his attempt to obtain another copy of the report after losing his own copy, we stated:
However, Mattox has failed to substantiate his allegation with proof that the sheriff’s office has refused to provide him with a copy. Because Mattox failed to attach a copy of the report to his motion, he therefore was not entitled to an evidentiary hearing based simply upon his allegation that the state knowingly obtained his conviction based upon insufficient evidence. See Conyers v. State, 215 So.2d 616 (Fla. 3d DCA 1968), cert. denied, 222 So.2d 749 (Fla.1969).
563 So.2d at 793. We then affirmed the summary denial of his motion “without prejudicing his opportunity to demonstrate that he has exhausted all efforts to obtain a copy of the December 11, 1981 evidence report.” Id. at 794.
Mattox then wrote a letter to Sheriff McMillan of Duval County citing to this court’s June 21, 1990, opinion, and requested a certified copy of the December 11, 1981, evidence report and “a complete index of all instruments compiled by your agency with regard to this investigation.” The Sheriff’s office responded by letter, enclosing certified copies of a “Crime Laboratory Case Worksheet” and an “Evidence Technician Report.”
On September 24, 1990, Mattox again filed a rule 3.850 motion for relief, arguing that the evidence presented by the state at trial was legally insufficient because the officer’s fingerprint testimony was uncorroborated by any physical evidence and conflicted with the contents of the December 11, 1981, reports that he recently obtained from the Sheriff’s office and that the state failed to disclose these reports during discovery. On October 11,1990, the circuit court entered the order under review, stating:
The Defendant’s motion is untimely and it raises matters previously raised. See Rule 3.850, Florida Rules of Criminal Procedure. Defendant should have raised these issues on direct appeal. State v. Mattox 15 FLW 1208 (June 21, 1990);[1] citing to Smith v. State, 499 So.2d 912 (Fla. 1st DCA 1986); Henry v. State, 519 So.2d 84 (Fla. 4th DCA 1988).
The circuit court cites to this court’s June 21, 1990, decision for the proposition that the arguments raised in the motion should have been raised on direct appeal, but it fails to consider the effect of our affirmance without prejudice to Mattox having an opportunity to demonstrate that he has exhausted all efforts to obtain copies of the December 11, 1981, evidence reports. Our decision that Mattox was not entitled to an evidentiary hearing because he failed to attach copies of the evidence reports to his motion was not intended to foreclose further consideration once these documents have been obtained. In light of *970 that language and the fact that Mattox has now supplied these documents to the circuit court, the motion is facially sufficient to require an evidentiary hearing. Therefore, the appealed order must be reversed and the cause remanded for further proceedings pursuant to rule 3.850.
This court’s opinion in Toler v. State, 493 So.2d 489, 490 (Fla. 1st DCA 1986), indicates that in cases appealed pursuant to rule 9.140(g), the appellate court should request a response from the state before reversing an order denying a rule 3.850 motion requesting an evidentiary hearing. Bearing in mind the “streamlined procedure for the handling of appeals from orders denying 3.850 motions without hearing” and the limited participation expected of the Attorney General in such proceedings,[2] it is obvious that whether to call on the Attorney General to file a response is a matter of discretion with this court. We perceive no useful purpose will likely be served by inviting the Attorney General to participate at this point of the proceedings, and exercising our discretion under the rule decline to do so.
REVERSED AND REMANDED.
ERVIN, ZEHMER and BARFIELD, JJ., concur.

. The correct citation for this case is: 15 F.L.W. D1664 (Fla. 1st DCA June 21, 1990), or 563 So.2d 793 (Fla. 1st DCA 1990).

. Toler, 493 So.2d at 491.