598 So.2d 259 (1992)
Billy Joseph WELLS, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2624.
District Court of Appeal of Florida, First District.
May 11, 1992.
*260 Billy Joseph Wells, pro se.
Robert A. Butterworth, Atty. Gen., and James W. Rogers, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Billy Joseph Wells appeals an order summarily denying his rule 3.850 motion for post-conviction relief. We affirm in part, reverse in part, and remand to the trial court with directions that it either attach those portions of the record conclusively refuting appellant's claim of ineffective assistance of trial counsel or hold an evidentiary hearing on this issue.
Appellant alleged several grounds in his motion, the first of which was his claim of ineffective assistance of trial counsel. With regard to this ground, he specifically alleged that his trial counsel failed to file a pretrial motion for discovery, failed to move for suppression of evidence as having been obtained pursuant to an illegal search, failed to object to admission of illegally-obtained evidence, and failed to object to the court sentencing him as a habitual offender without following the proper procedures. With regard to appellant's first contention, the trial court stated that the record clearly refutes this allegation as it contains a demand for discovery filed by trial counsel and two answers to that demand filed by the state. However, the court failed to attach to the order the portions of the record it relied on as conclusively refuting the allegation as required by rule 3.850. Furthermore, the court failed to respond to appellant's second and third contentions that trial counsel was ineffective in that he failed to move to suppress illegally-obtained evidence and to object to admission of such evidence. With regard to the fourth contention, the court stated that appellant should have challenged his habitual offender sentence on direct appeal, but the court did not respond to appellant's contention that trial counsel was ineffective in that he failed to object to the habitual offender sentencing procedure. Thus, the appealed order is wholly insufficient to support the trial court's summary denial of appellant's claim of ineffective assistance of trial counsel.
We affirm the trial court's summary denial of the remaining grounds alleged in appellant's motion. A 3.850 motion for post-conviction relief is an improper vehicle for asserting a claim for ineffective *261 assistance of appellate counsel. Such claim must be made directly to the appellate court in a petition for writ of habeas corpus. See State v. Broom, 523 So.2d 639 (Fla. 2d DCA 1988). See also, Swafford v. Dugger, 569 So.2d 1264 (Fla. 1990); Middleton v. State, 465 So.2d 1218 (Fla. 1985). Appellant's claim that the statement he made at the time of his arrest should not have been admitted in evidence as it violated his privilege against self-incrimination should have been raised by direct appeal. Likewise, his claim that the search and seizure effected in this case was unconstitutional should have been raised by direct appeal.
Because no useful purpose would be served by inviting the attorney general to participate in this appeal at this point of the proceedings, we decline to exercise our discretion to request such a response pursuant to Toler v. State, 493 So.2d 489, 490 (Fla. 1st DCA 1986), and instead reverse the order as it pertains to the ineffective assistance of trial counsel ground and remand this issue to the trial court with directions that it either attach portions of the record conclusively refuting all of appellant's allegations in support of this ground or conduct an evidentiary hearing on this issue. See Mattox v. State, 590 So.2d 968 (Fla. 1st DCA 1991).
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
SMITH, ZEHMER and WEBSTER, JJ., concur.