PER CURIAM.
 

 Appellant challenges the trial court’s revocation of his community control and subsequent sentence of 15 years’ imprisonment. For the reasons explained below, we reverse and remand to the trial court for additional findings.
 

 The State filed an affidavit alleging Appellant violated five conditions of his community control, three of which were directly related to Appellant’s conviction of armed robbery. This court reversed that conviction, however, after determining that the State’s confession of error was supported by the record and law.
 
 See Mattox v. State,
 
 56 So.3d 895 (Fla. 1st DCA 2011). Consequently, there was no basis for revoking Appellant’s community control for those alleged violations.
 

 One of the remaining probation violations concerned Appellant’s failure to comply with certain financial obligations. The State concedes error because it did not present any competent, substantial evidence to support the allegation and the trial court did not make the requisite find-
 
 *254
 
 mgs that Appellant had the ability to pay. We therefore reverse the trial court’s revocation of community control on this ground.
 
 See McPherson v. State,
 
 530 So.2d 1095, 1098 (Fla. 1st DCA 1988) (holding “[a]bsent a finding that a defendant has the ability to pay, probation cannot be revoked based on the failure to pay court costs.”).
 

 The remaining basis for revocation of community control concerned Appellant’s failure to remain confined to his residence during the required hours, specifically,, at the time the armed robbery took place. Based upon the parties’ agreement, evidence and testimony from the trial was made a part of the record for purposes of the evidentiary hearing on the community control. Appellant’s trial testimony confirms that he was not at his residence during the time the robbery occurred, and he acknowledged this was a violation of his community control. It is not clear from the record, however, whether the trial court would have revoked Appellant’s community control based on this violation alone and, if so, would have imposed the same sentence.
 
 See Marzendorfer v. State,
 
 16 So.3d 957, 958 (Fla. 1st DCA 2009) (stating the general rule requires remand when it is unclear from the record whether the trial court would have revoked the appellant’s probation and imposed the same sentence based solely on the condition of which the appellate court found appellant in violation);
 
 see also Stevens v. State,
 
 823 So.2d 319, 322 (Fla. 2d DCA 2002) (holding that although there was sufficient evidence defendant did not complete. the required monthly hours of community service, case remanded to determine whether the court would have revoked probation solely on this violation).
 

 Consequently, we REVERSE and REMAND for a determination by the trial court as to whether it would revoke Appellant’s probation based on this violation alone.
 

 VAN NORTWICK, THOMAS, and MARSTILLER, JJ., concur.