IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

RUBEN DANYON MCCLOUD,

    Appellant,

v.

STATE OF FLORIDA,

    Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D12-5320

Opinion filed October 9, 2014.

An appeal from the Circuit Court for Duval County.
Mallory D. Cooper, Judge.

James T. Miller, Jacksonville, and Deana K. Marshall, Riverview, for Appellant.

Pamela Jo Bondi, Attorney General, Jennifer J. Moore, Assistant Attorney General, and Wesley Cross Paxson, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

Appellant Ruben McCloud challenges his conviction and sentence on two counts of attempted second-degree murder and one count of shooting or throwing a deadly missile. We find merit to one of his claims and reverse for a new trial.

We agree with Appellant that after the motion to disqualify the trial judge was granted (see Fla. R. Jud. Admin. 2.330), the successor judge who did not

conduct the trial could not competently rule on Appellant's motion for a new trial because it required weighing the credibility of witnesses and competing witness testimony to resolve conflicts in the evidence. See Colson v. State, 75 So. 3d 306, 307 (Fla. 1st DCA 2011). "Defendants have the right to have the trial judge evaluate and weigh the evidence independently of the jury's findings to determine whether the jury verdict was contrary to the weight of the evidence." Kelley v. State, 16 So. 3d 196, 197 (Fla. 1st DCA 2009) (internal quotation marks and citation omitted).

In this case, the State's evidence identifying Appellant as the shooter was based solely on the identification made by the two victims. But Appellant put on an alibi defense with multiple witnesses claiming that he was at home miles away at the time of the shooting and could not have been the shooter. Appellant's conviction depended entirely upon the jury's resolution of conflicts in the evidence and the relative credibility of the witnesses. Under these circumstances, a successor judge, who was not present at trial, could not competently assess the weight of the evidence as required to resolve Appellant's motion for new trial. Accordingly, we reverse and remand for a new trial.

REVERSED and REMANDED.

ROBERTS, WETHERELL, and OSTERHAUS, JJ., CONCUR.