IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

RUBEN DANYON MCCLOUD,

    Appellant,

v.

STATE OF FLORIDA,

    Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-5664

Opinion filed March 2, 2016.

An appeal from the Circuit Court for Leon County.
James C. Hankinson, Judge.

Nancy A. Daniels, Public Defender, and Joel Arnold, Assistant Public Defender, Tallahassee, for Appellant, and Ruben Danyon McCloud, pro se, Appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, for Appellee.

PER CURIAM.

    This is a belated appeal challenging the trial court's order revoking Appellant's probation and sentence of fifteen years in prison. Because the convictions on which the trial court based its order have been overturned, we reverse and remand for further proceedings.

On January 15, 2009, pursuant to a plea of no contest, Appellant was found guilty of the offense of organized scheme to defraud. The trial judge sentenced Appellant to a term of incarceration to be followed by probation.

On April 7, 2010, the state filed an affidavit alleging Appellant committed new offenses of attempted murder, shooting or throwing deadly missiles, and possession of a firearm by a convicted felon, in violation of the condition of his probation that required him to "live and remain at liberty without violating any law." At the ensuing revocation of probation hearing, the state's sole evidence consisted of a certified judgment and sentence showing Appellant had been tried and convicted of the offenses alleged in the affidavit. The trial court revoked Appellant's probation and sentenced him to a term of fifteen years' imprisonment.

On October 9, 2014, approximately one year after the revocation hearing, this court reversed the judgment and sentence that served as the basis of Appellant's revocation of probation and remanded the case for a new trial. McCloud v. State, 150 So. 3d 822 (Fla. 1st DCA 2014). Appellant was subsequently granted this belated appeal. Appellant now argues that the trial court's order of revocation of probation and subsequent sentence should also be reversed.

A criminal conviction is clearly a sufficient basis to revoke probation. Maselli v. State, 446 So. 2d 1079, 1080 (Fla. 1984). However, a conviction can

2

serve as the basis of a revocation of probation only to the extent that the conviction is valid. If the sole basis of a revocation order is a conviction that is later overturned, that order of revocation cannot stand. State ex rel Roberts v. Cochran, 140 So. 2d 597, 600 (Fla. 1962); Mattox v. State, 59 So. 3d 253, 253-54 (Fla. 1st DCA 2011); Wendell v. State, 404 So. 2d 1167, 1169 (Fla. 1st DCA 1981); Plummer v. State, 365 So. 2d 1102, 1104 (Fla. 1st DCA 1979).

Here, the trial court's order revoking Appellant's probation was based entirely on the convictions later overturned in McCloud. Accordingly, the order revoking Appellant's probation must be reversed and remanded for the trial court to make an independent determination of whether Appellant violated probation. See Cochran, 140 So. 2d at 600 (reversing and remanding with instructions for trial judge to make "independent determination" of whether law was violated where revocation of probation order was based on convictions later overturned); Wendell, 404 So. 2d at 1169 (same).

The judgment and sentence is reversed and remanded for further proceedings consistent with this opinion.

WOLF, BILBREY, and WINOKUR, JJ., CONCUR.