# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-4167
_____

RUBEN MCCLOUD,

   Appellant,

   v.

STATE OF FLORIDA,

   Appellee.

_____


On appeal from the Circuit Court for Leon County.
Angela C. Dempsey, Judge.

June 8, 2018


ROWE, J.

   Ruben McCloud appeals the trial court's order revoking his probation based on a new law violation, specifically McCloud's convictions for two counts of attempted manslaughter by act. Because the trial court did not err in revoking probation, we affirm.

## *Background*

   On October 14, 2008, McCloud was charged in Leon County with engaging in an organized scheme to defraud. He pleaded no contest on January 15, 2009, and was sentenced to 210 days in jail followed by 12 months of community control and 2 years of probation.

On April 6, 2010, and while still on probation, McCloud was arrested and charged in Duval County with two counts of attempted murder, one count of shooting or throwing deadly missiles into a dwelling or building, and one count of possession of a firearm by a convicted felon. The Department of Corrections filed a violation of probation affidavit in Leon County the next day, alleging McCloud violated condition five of his probation by failing to live and remain at liberty without violating any law and condition ten by failing to make payments to the probation officer as directed. The affidavit listed as new law violations the same offenses that formed the basis of the Duval County charges.

McCloud went to trial on the Duval County charges. The jury found him guilty of two counts of attempted second-degree murder and one count of shooting or throwing deadly missiles. McCloud appealed the judgment and sentence.

While his appeal was pending, the Leon County court held a violation of probation hearing. The State presented a certified copy of McCloud's Duval County judgment and sentence, and the court revoked McCloud's probation. He was sentenced to 15 years' imprisonment on the original charge of engaging in an organized scheme to defraud.

On October 9, 2014, McCloud's Duval County convictions were reversed and the case was remanded for a new trial. *McCloud v. State*, 150 So. 3d 822 (Fla. 1st DCA 2014). Because the Leon County court revoked probation solely on grounds of the overturned convictions, we granted McCloud a belated appeal and reversed the revocation order. *McCloud v. State*, 213 So. 3d 971 (Fla. 1st DCA 2016). We remanded for the Leon County court to hold a new violation of probation hearing.

Before the violation of probation hearing, McCloud was retried in the Duval County case. The jury found him guilty of two counts of "attempted manslaughter by act, a lesser[-]included offense." At the remanded violation hearing, the State proceeded only on the claim that McCloud committed a new law violation and presented a certified copy of McCloud's Duval County judgment and sentence for attempted manslaughter by act. The court determined the certified conviction constituted evidence of a

2

willful violation, revoked McCloud's probation, and sentenced him to 15 years' imprisonment.

McCloud appeals the revocation order arguing that the trial court erred by revoking probation on the basis of violations not alleged in the probation affidavit. Citing our recent decision in *Bonner v. State*, 138 So. 3d 1101 (Fla. 1st DCA 2014), McCloud argues that because the offense of attempted manslaughter by act was not one of the new law violations listed in the violation of probation affidavit, the trial court committed fundamental error by revoking probation. We disagree.

A trial court fundamentally errs by revoking probation on grounds not alleged in the violation of probation affidavit. *Perkins v. State*, 842 So. 2d 275, 277 (Fla. 1st DCA 2003); *Smith v. State*, 738 So. 2d 433, 435 (Fla. 1st DCA 1999). As a matter of due process, probationers are entitled to notice of which laws the probationer is alleged to have violated and "an opportunity to present a defense to them." *Hines v. State*, 358 So. 2d 183, 185 (Fla. 1978); *see also N.L. v. State*, 825 So. 2d 509, 509-10 (Fla. 1st DCA 2002). However, the violation of probation affidavit need only "allege the basic facts concerning the alleged violation, such as its nature, time, and place of occurrence." *Hines*, 358 So. 2d at 185.

The violation of probation affidavit in this case provided McCloud with notice that his probation was subject to permanent revocation based on his Duval County charges for two counts of attempted murder. Although he was ultimately convicted of two counts of attempted manslaughter by act, attempted manslaughter by act is a necessarily lesser-included offense of attempted murder. *State v. Montgomery*, 39 So. 3d 252, 255-56 (Fla. 2010); *Hill v. State*, 124 So. 3d 296, 297 (Fla. 2d DCA 2013). Probation is properly revoked where a probationer is convicted of a necessarily lesser-included offense of the crime identified in the violation of probation affidavit. *See Ray v. State,* 855 So. 2d 1260, 1261 (Fla. 4th DCA 2003) (reversing where revocation was based on "a charge altogether different from that which the trial court relied upon as a factual basis for the revocation" and noting that "[t]his case is dissimilar from the situation where an affidavit alleges a particular offense, but the probationer is actually convicted of a lesser[-]included offense"); *Thomas v. State*, 634 So.

3

2d 276, 277 (Fla 4th DCA 1994) (finding probationer had sufficient notice of the nature of the charges where affidavit alleged new law violation of resisting arrest with violence, but probationer was actually convicted of resisting arrest without violence). A revocation based on a necessarily lesser-included offense of the one alleged in the violation of probation affidavit does not violate a probationer's due process rights because a necessarily lesser-included offense is one "in which the statutory elements are always subsumed within those of the charged offense." *See Sanders v. State*, 944 So. 2d 203, 206 (Fla. 2006). Because the State presented evidence of McCloud's convictions for a necessarily lesser-included offense of the one alleged in the violation of probation affidavit, the trial court did not err in revoking probation, and we affirm McCloud's judgment and sentence.[*]

We note, however, that the trial court's revocation order does not conform to the oral pronouncement because it also includes a finding that McCloud violated condition ten (failure to make payments). The State abandoned this allegation at the start of the violation of probation hearing and the parties never addressed it. Accordingly, we affirm the order revoking McCloud's probation, but remand for entry of a corrected order reflecting only a violation of condition five (new law violations). *See Lee v. State*, 826 So. 2d 457 (Fla. 1st DCA 2002). McCloud need not be present.

AFFIRMED.

RAY and MAKAR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

---

[*] Our decision in *Bonner* does not compel a different result. There, the crime alleged was nonexistent and by definition could not have any lesser-included offense. 138 So. 3d at 1102.

Andy Thomas, Public Defender, and Joel Arnold, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Jason W. Rodriguez, Assistant Attorney General, Tallahassee, for Appellee.