# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-1706

_____

SCOTT ALAN KLINE,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Duval County.
Angela M. Cox, Judge.

June 7, 2019

WOLF, J.

Appellant challenges his judgments and sentences for 10 counts of child pornography. He argues it is unclear whether the trial court used the correct standard when it denied his motion for new trial. We find appellant failed to preserve this issue and affirm.

After the jury returned its verdict, appellant filed a motion for new trial raising a number of grounds. Some grounds challenged rulings the judge made during trial, such as the denial of appellant's motion for judgment of acquittal. Appellant also alleged the verdict was contrary to the weight of the evidence. The trial court denied the motion stating, "[t]he motion

for new trial is denied for reasons stated on the record during trial." Appellant did not object or seek clarification.

On appeal, appellant notes there was no discussion during trial of his argument that the verdict was contrary to the weight of the evidence. Thus, he argues it is unclear whether the trial court applied the correct legal standard to that portion of his motion. He suggests the trial court may have applied the sufficiency-of-the-evidence standard instead. The State argues the court was merely referencing the grounds in the motion for new trial that were addressed on the record, and there is no indication that the court applied the wrong standard when considering whether the verdict was contrary to the weight of the evidence.

"Defendants have the right to have the trial judge evaluate and weigh the evidence independently of the jury's findings to determine whether the jury verdict was contrary to the weight of the evidence." *McCloud v. State*, 150 So. 3d 822, 823 (Fla. 1st DCA 2014) (quoting *Kelley v. State*, 16 So. 3d 196, 197 (Fla. 1st DCA 2009)).

This court has reversed where "the trial court's findings indicate that the court *may have* applied the sufficiency of the evidence standard instead of the weight of the evidence standard." *Spear v. State*, 860 So. 2d 1080 (Fla. 1st DCA 2003) (emphasis added). However, this court has never expressly discussed whether this error must be preserved or whether it constitutes fundamental error.

Perhaps if a trial court expressly applied the wrong standard to a claim that the verdict was contrary to the weight of the evidence, such an error might be found to be fundamental. *See, e.g.*, *Velloso v. State*, 117 So. 3d 903, 905–06 (Fla. 4th DCA 2013) (reversing where the trial court explicitly refused to weigh the evidence in response to a motion for new trial, stating its only role was to review for the legal sufficiency of the evidence).

However, where it is unclear whether the trial court used the wrong standard, we find the *potential* that the trial court erred does not reach the level of fundamental error.

To remand for clarification now when counsel had the opportunity to ask for clarification but simply failed to do so would constitute a waste of judicial resources. *See Fla. Emergency Physicians-Kang and Associates, M.D., P.A., v. Parker*, 800 So. 2d 631, 636 (Fla. 5th DCA 2001) ("It is the function of the appellate court to review errors allegedly committed in the trial court, not to entertain for the first time on appeal, issues which the complaining party could have, and should have, but did not, present to the trial court."). Had the trial court been apprised of the ambiguity in its ruling, it could have easily taken care of the potential problem during the hearing on the motion for new trial.

Because appellant failed to preserve this issue for appeal, we AFFIRM.

OSTERHAUS and JAY, JJ., concur.

---

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

---

Andy Thomas, Public Defender, and Jasmine Russell, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Tabitha Herrera, Assistant Attorney General, Tallahassee, for Appellee.