407 So.2d 621 (1981)
Ira Jay COHEN, O.D., Appellant,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, BOARD OF OPTOMETRY, Appellee.
No. 81-240.
District Court of Appeal of Florida, Third District.
November 10, 1981.
Rehearing Denied January 13, 1982.
*622 Harold T. Fields, Jr., Michael B. Chavies, Miami, for appellant.
Arthur C. Wallberg, Tallahassee, for appellee.
Before BASKIN, DANIEL S. PEARSON, and FERGUSON, JJ.
BASKIN, Judge.
Following an informal hearing, appellant was found guilty of charges contained in an administrative complaint. The Board of Optometry suspended his license for three months, imposed a fine of $2,500, and placed appellant on probation for a period of three years. Appellant contends that the informal hearing he requested, pursuant to section 120.57(2), Florida Statutes (1979), concerning the complaint filed against him by appellee, should have been terminated and a formal hearing conducted because issues of fact were disputed during the hearing. We disagree.
Section 455.225(4), Florida Statutes (1979) states:
A formal hearing before a hearing officer from the Division of Administrative hearings of the Department of Administration shall be held pursuant to chapter 120 unless all parties, including the Department of Professional Regulation, agree in writing that there is no disputed issue of material fact... . If any party raises an issue of disputed fact during an informal hearing, the hearing shall be terminated and a formal hearing pursuant to chapter 120 shall be held. (Emphasis supplied).
In our estimation, appellant failed to raise any issue of disputed fact and merely presented matters in mitigation of the charges.[1] The "Election of Rights" form he executed prior to the informal hearing stated:
I do not dispute the allegations of fact in the Administrative Complaint but do wish to be accorded an informal hearing or proceeding, pursuant to Section 120.57(2), Florida Statutes (1979), at which time I will be permitted to submit oral and/or written evidence in mitigation of the complaint to the Board.
At no time was the election of rights form withdrawn or challenged prior to the presentation of the issue in this appeal.
For these reasons, we affirm the decision of the Board of Optometry.
NOTES
[1] The charges included practicing optometry under a corporation name, failing to display his license, and failure to respond to a summons.