488 So.2d 103 (1986)
John Q.U. THOMPSON, M.D., Appellant,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, BOARD OF MEDICAL EXAMINERS, Appellee.
No. BI-485.
District Court of Appeal of Florida, First District.
April 22, 1986.
Rehearing Denied May 30, 1986.
*104 Daniel A. Smith of Coxe, Schemer and Smith, Jacksonville, for appellant.
Cecilia Bradley, Tallahassee, for appellee.
MILLS, Judge.
John Q.U. Thompson appeals from a final order of the Board of Medical Examiners imposing a reprimand, fine and the restriction of his medical practice as the result of an administrative complaint arising out of allegedly improper and excessive prescription of controlled substances. We affirm.
Thompson is a medical doctor licensed to practice in Florida. He retired from active practice in 1982 and, at the time of the administrative complaint herein, was working at the Veterans' Administration Outpatient Clinic in Jacksonville. In May 1985 the six-count complaint was filed against his license based on his issuance of certain prescriptions to one former patient between 26 March 1983 and 2 September 1984.
The complaint alleged that during that period Thompson wrote for this person eleven (11) prescriptions of thirty (30) tabs each for Demerol (a Schedule II controlled substance, Section 893.03, Florida Statutes) and 18 prescriptions of 100 tabs each, each refillable 5 times, for Tylenol IV (a Schedule III controlled substance, Section 893.04, Florida Statutes). It further alleged that the Demerol prescriptions were mailed to the recipient and the Tylenol prescriptions telephoned to a pharmacy near his home, both without benefit of examination (Thompson lived in Jacksonville, the recipient in central Florida).
Based on these factual allegations, Thompson was charged with numerous violations of Chapter 458, Florida Statutes (1983). He was provided with a copy of the complaint, an "Explanation of Rights" form and an "Election of Rights" form. The explanation of rights stated, in pertinent part, that "[i]f the allegations as set forth in the Administrative Complaint contain no disputed issue(s) of material fact, you may request an informal hearing pursuant to Section 120.57(2)... ." The election of rights form provided: "I have read the explanation of rights form and understand my options. (If you do not understand these options, please consult with your attorney or contact the Legal Section *105 of the Department of Professional Regulation at (904) 488-0062 before executing the form.)" Thompson executed the form without legal advice, checking the box corresponding to the statement: "I do not dispute the allegations of fact but request an informal hearing... ."
The informal proceeding convened in August, 1985. Thompson appeared, unrepresented by counsel, and expressed surprise "at the tenor of the proceeding." He did not, however, indicate a desire for counsel or request a continuance for the purpose of obtaining counsel. Upon detailed inquiry from Board counsel, he stated that he had understood at the time he signed the election form that the Board could take serious action on the complaint, including revocation of his license; he simply "did not believe it would come to that."
In response to Board inquiries on the phoned-in prescriptions for Tylenol IV, Thompson stated that the pharmacy involved had some unspecified scandal associated with it and that "he didn't know whether those prescriptions were validly filled." When Board counsel reminded him that he had already conceded the factual allegations of the complaint, and that if he began disputing facts, the proceedings would have to be adjourned in favor of a formal hearing, Thompson reiterated his desire to keep the hearing informal. He also conceded that he had telephoned the prescriptions in the quantities alleged.
With regard to the allegation that he had not examined the recipient during the period of the prescriptions, Thompson testified that he had "seen him occasionally" in Jacksonville during that time. However, he also conceded that the recipient was the only person for whom he had prescribed without examining him and that he "should have been seeing him" to determine if the drugs were necessary.
At this point in the proceeding, Thompson's testimony became rambling and repetitious, leading some members of the Board to express concern that he did not understand the nature of the proceeding. However, in response to inquiry on this point, Thompson stated that he was having no trouble with his memory and was on no medication that would cause such symptoms. The Board then proceeded to adopt the findings of fact as set forth in the complaint and all but one of the conclusions of law. It proposed penalties of a reprimand, the surrender of Thompson's DEA license, a $2,500 fine and a restriction of Thompson's practice to the VA Outpatient Clinic, which proposals were later adopted in the final order herein appealed.
Thompson first contends that the final order should be reversed because of the Board's failure to insure his right to counsel at the proceeding. While it is true that affected persons have the right to be accompanied and assisted by counsel in Section 120.57(2) proceedings, it is only a right in the sense that the agency cannot prevent such a person from obtaining and utilizing counsel. It was early established that "the constitutional guarantee of right to counsel ... is not applicable to ... administrative proceedings ... involving the revocation of licenses issued by the State to those engaged in regulated businesses and professions." Woodham v. Williams, 207 So.2d 320, 322 (Fla. 1st DCA 1968). Thompson, although made aware both by the election of rights form and the language of Section 120.57(2) that he could enlist the assistance of counsel, made an affirmative election to proceed unrepresented. Further, he made no request for counsel during the proceeding, affirmatively indicating his desire to go forward with the hearing. The Board did not err in failing to provide counsel of its own initiative.
Thompson next alleges that he raised issues of disputed fact requiring termination of the informal hearing and a formal hearing pursuant to chapter 120, as provided in Section 455.225(4), Florida Statutes (1983). We disagree, as we find that the matters raised by Thompson were "merely in mitigation of the charges" and not disputes of the alleged facts, particularly in light of his eventual concession at the hearing of the accuracy of those facts. See *106 Cohen v. Department of Professional Regulation, Board of Optometry, 407 So.2d 621 (Fla.3d DCA 1981).
Finally, we do not agree with Thompson's contention that the proceedings below were so rife with procedural error as to amount to a denial of due process. As support for this argument, Thompson points to the Board's failure to insure his right to counsel, to allow him to present exhibits, to give him effective notice that he could lose his license as a result of the proceeding and its continuation of the proceeding despite expressed concerns regarding Thompson's ability to understand. As discussed earlier, the first ground is without merit. The rest are unsupported by the record before this court.
AFFIRMED.
SMITH and THOMPSON, JJ., concur.