BARKDULL, Judge.
Appellee filed an administrative complaint against appellant, a teacher, which charged the appellant with various misconduct by failure to follow proper school district accounting procedures in the handling of funds of Miami Sunset Senior High School Drama Club and the misappropriation of $5,515.00 of Drama Club funds. The appellant executed the required Election of Rights form choosing the settlement option followed by an informal hearing before the Education Practices Commission. In so doing she is deemed to have admitted the charges and was only permitted to introduce evidence of mitigation at the hearing.[1] The panel of the Education Practices Commission consists of seven members: four teachers, two laymen, and an administrator. The appellant’s hearing was heard by five members of the panel, consisting of four teachers and one layman. After the hearing, the panel voted four to one to revoke the appellant’s license for five years and to give her three years probation.
On appeal the appellant contends: 1) the administrative hearing before the Education Practices Commission constituted fundamental legal error because it was not composed of seven members as required by Florida Statutes and the rules of the Education Practices Commission, 2) the informal hearing should have been terminated when the appellant attempted to dispute the school board allegations at the hearing, and 3) the appellant was mistakenly advised by friends that she had nothing to lose by electing the informal hearing, advice that was relied upon because of her inability to afford counsel.
In response the appellee contends that the appellant was in fact afforded a seven member panel. When two of the members were unable to attend the hearing, it proceeded with a panel majority of *822 five members, as permitted by Florida Administrative Code Rule 6B-10.003(7).[2] As to the hearing termination issue, the appellant improperly raises this issue for the first time on appeal. Regardless, the appellant did not raise a material dispute at the hearing which would have justified terminating the informal hearing. Thompson v. Dep’t. of Professional Regulation, Bd. of Medical Examiners, 488 So.2d 103 (Fla. 1st DCA 1986); Cohen v. Dep’t. of Professional Regulation, Bd. of Optometry, 407 So.2d 621 (Fla. 3d DCA 1981). Finally, the appellant was fully informed of her rights and the implications of choosing an informal hearing. Thus, this allegation is not grounds for reversal. Florida Dep’t. of Corrections v. Bradley, 510 So.2d 1122 (Fla. 1st DCA 1987); Clark v. Dep’t. of Professional Regulations, Bd. of Medical Examiners, 463 So.2d 328 (Fla. 5th DCA), review denied, 475 So.2d 693 (Fla.1985).
The administrative order under review is affirmed.
Affirmed.

. Fla.Admin.Code Rule 6B-11.004(3) provides:
An educator may elect an informal hearing before the Commission if he does not dispute the material facts of the complaint, but desires to argue in mitigation of the penalty or in opposition to the legal conclusions. By choosing not to dispute the material facts of the complaint the educator is taking action which has the effect of an admission of the material facts, is binding, and may not be rescinded.

. Fla.Admin.Code Rule 6B-10.003(7) provides:
A majority of the members of the Commission or of a panel shall constitute a quorum. Unless otherwise provided by law or rule, it shall require a majority of the Commission or panel members voting to take an action.