637 So.2d 972 (1994)
Belinda Joy KELLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 92-1622.
District Court of Appeal of Florida, First District.
June 7, 1994.
*973 John F. Daniel, Daniel & Komarek, Chartered, Panama City, for appellant.
Robert A. Butterworth, Atty. Gen., and Gypsy Bailey, Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Chief Judge.
We have for review the judgment of conviction and sentence of Belinda Joy Kelley for the offense of manslaughter with a firearm arising out of the death of her husband by shooting. The case has been here before. See State v. Kelley, 588 So.2d 595 (Fla. 1st DCA 1991); Kelley v. State, 543 So.2d 286 (Fla. 1st DCA 1989). On the last appearance of the case before this court, we reversed the trial court's order granting a judgment of acquittal notwithstanding the jury verdict and remanded for consideration of the defendant's motion for new trial. 588 So.2d at 600. The last trial had been presided over by Judge W. Fred Turner, who retired before the case was remanded. On remand, Kelley filed a motion seeking to recall Judge Turner to hear the motion for new trial and, if necessary, to conduct the sentencing proceedings, assuming that Judge Turner consented to do so.[1] This motion was denied by Chief Judge Don T. Sirmons, who then assigned the case to Judge N. Russell Bower for disposition of pending motions. Judge Sirmons denied Kelley's motion for reconsideration of the order making this assignment.
Thereafter, the motion for new trial came on for hearing before Judge Bower. Kelley's counsel requested that Judge Bower recuse himself to permit Judge Turner to sit, as the latter was willing to return to the bench to hear this case. Judge Bower denied this request and proceeded to hear the motion. One of the grounds of the motion for new trial alleged that the verdict of the jury was contrary to the weight of the evidence. During the hearing, Judge Bower (who did not try the case) expressed on the record his uncertainty regarding his role and ability to pass on the weight of the evidence. He expressed the belief "that the Trial Judge, if there is going to be an overturning of the jury verdict, ought to be the one that heard the evidence." He acknowledged that Kelley's counsel had attempted to have Judge Turner temporarily assigned to hear the motion *974 for new trial. Judge Bower's order denying the motion for new trial recited:
While there are appropriate instances for the trial judge to substitute his or her judgment for that of a trial jury on the issue of the "weight of the evidence" introduced upon the trial of a criminal case, it is an impossible task for the undersigned. The judge which presided over this case has since retired and the case reassigned to the undersigned. Therefore, the only guide for this Court is the trial jury which evaluated the evidence including the weight thereof and found Ms. Kell[e]y guilty.
In evaluating the evidence presented, the jury had the opportunity to weigh all of the evidence including the Defendant's testimony and all other witnesses presented. In weighing each witness' testimony they were given specific instructions on matters they were to consider. The trial jury's judgment on the issue of sufficiency of the weight of the evidence as reflected in their verdict is adopted.
After denying the motion for new trial, Judge Bower imposed sentence. It is the order denying a new trial and the imposition of judgment of conviction and sentence that we review on this appeal.
We can only read Judge Bower's order as meaning that, because he did not preside at trial, he felt that he was unable to evaluate the weight of the evidence and credibility of the witnesses as "an additional juror," and for this reason simply had to accept the jury's evaluation without making any independent evaluation himself. We can readily understand Judge Bower's dilemma and sympathize with his hesitancy to make a determination on this issue. Nevertheless, it is abundantly clear that Kelley was not accorded her rights under the applicable rules and law to have the trial judge evaluate and weigh the evidence independently of the jury's findings to determine whether the jury verdict was contrary to the weight of the evidence. Since only a trial judge can now perform this function, Tibbs v. State, 397 So.2d 1120 (Fla. 1981), aff'd, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982), Kelley has been deprived of a fundamental right that must be remedied either by reversal and remand for a competent judge to provide such review of the evidence, Uprevert v. State, 507 So.2d 162 (Fla. 3d DCA 1987), even if that requires the temporary assignment of retired Judge Turner to sit as an associate judge in the case, or by according Kelley a new trial because the trial court is unable to effectively provide the required evaluation of the weight of the evidence, Robinson v. State, 462 So.2d 471 (Fla. 1st DCA 1984), rev. denied, 471 So.2d 44 (Fla. 1985).
In Tibbs, the supreme court held that, while trial courts could evaluate the weight and credibility of the evidence and grant a new trial upon determining to set aside a conviction on the ground that the jury verdict was contrary to the weight of the evidence, appellate courts in Florida could no longer reverse on that ground; the sole authority of appellate courts would henceforth be to reverse a conviction and order the defendant discharged if the evidence was legally insufficient to support a conviction. As to the distinction between these two concepts, the supreme court explained:
The weight and the sufficiency of evidence are, in theory, two distinct concepts most often relevant at the trial court level. Sufficiency is a test of adequacy. Sufficient evidence is "such evidence, in character, weight, or amount, as will legally justify the judicial or official action demanded." Black's Law Dictionary 1285 (5th ed. 1979). In the criminal law, a finding that the evidence is legally insufficient means that the prosecution has failed to prove the defendant's guilt beyond a reasonable doubt. Burks v. United States, 437 U.S. 1, 16 n. 10, 98 S.Ct. 2141, 2150 n. 10, 57 L.Ed.2d 1 (1978). Weight, at least in theory, is a somewhat more subjective concept. The "weight of the evidence" is the "balance or preponderance of evidence." Black's Law Dictionary 1429 (5th ed. 1979). It is a determination of the trier of fact that a greater amount of credible evidence supports one side of an issue or cause than the other. See In re Estate of Brackett, 109 So.2d 375 (Fla. 2d DCA 1959).[9] [(Footnote 9): At the trial level, the weight-sufficiency distinction is apparent *975 in our Rules of Criminal Procedure. We noted in McArthur v. Nourse, 369 So.2d 578 (Fla. 1979) that:
[a] critical distinction has existed at least since 1967, when rules 3.380 (formerly 3.660) and 3.600 of the Florida Rules of Criminal Procedure were adopted. Rule 3.380(a) provides that a motion for judgment of acquittal should be granted if, at the close of the evidence, "the court is of the opinion that the evidence is insufficient to warrant a conviction." In contrast, rule 3.600(a)(2) provides that a motion for new trial shall be granted if the jury verdict is "contrary to law or the weight of the evidence."

Id. at 580 (footnote omitted) (emphasis added). Rule 3.600(a)(2) thus enables the trial judge to weigh the evidence and determine the credibility of witnesses so as to act, in effect, as an additional juror. It follows that a finding by the trial judge that the verdict is against the weight of the evidence is not a finding that the evidence is legally insufficient. See Ricketts v. Williams, 242 Ga. 303, 248 S.E.2d 673 (1978), cert. denied, 439 U.S. 1135, 99 S.Ct. 1059, 59 L.Ed.2d 97 (1979). (End of footnote)]
397 So.2d at 1123. After reviewing a number of Florida appellate decisions involving reversal of convictions because the verdicts were contrary to the weight of the evidence or the evidence was insufficient to support convictions, and noting that all of them could not be reconciled, the supreme court commented:
One further note is in order regarding the scope of our decision today. Many of the "weight" cases cited by the district court included a statement that a new trial was being ordered "in the interest of justice." By eliminating evidentiary weight as a ground for appellate reversal, we do not mean to imply that an appellate court cannot reverse a judgment or conviction "in the interest of justice." The latter has long been, and still remains, a viable and independent ground for appellate reversal. Rule 9.140(f) of the Florida Rules of Appellate Procedure (1977) provides the relevant standards:
In the interest of justice, the court may grant any relief to which any party is entitled. In capital cases, the court shall review the evidence to determine if the interest of justice requires a new trial, whether or not insufficiency of the evidence is an issue presented for review.
This rule, or one of its predecessors, has often been used by appellate courts to correct fundamental injustices, unrelated to evidentiary shortcomings, which occurred at trial. [Footnote omitted.] Retrial in these circumstances is neither foreclosed, nor compelled, by double jeopardy principles. Each situation is unique.
397 So.2d at 1126.
In Robinson, 462 So.2d 471, we were presented with the unique situation where the defendant, after conviction by the jury and with the agreement of the state and the prosecution, obtained an extension of time to file a motion for new trial. Upon consideration of the motion for new trial, the trial judge ruled the evidence technically sufficient to support the jury verdict but found the verdict was contrary to the weight of the evidence and granted a new trial. The state appealed this order on grounds that the trial court had lost jurisdiction to hear the motion for new trial under a recent amendment to the rules of criminal procedure. This court agreed and reversed the order granting a new trial. On remand, various procedural arguments by the defendant were rejected, and the trial court adjudicated the defendant guilty on both charges. The defendant then appealed his conviction, urging as one point that in the interest of justice his conviction should be reversed and the case remanded for a new trial. Relying on the rationale of the Tibbs case, we agreed and remanded for a new trial, explaining in part:
The Supreme Court has made it abundantly clear that the only avenue for judicial review of the weight of the evidence is by motion for new trial at the trial court level. Thus, the rules of criminal procedure and the courts continue to recognize the critical need for some form of discretionary judicial review to serve as a safety valve in those cases where the evidence is technically sufficient to prove the criminal *976 charge but the weight of the evidence does not appear to support the jury verdict. Tibbs simply removes the appellate courts from playing any significant role in that process and places sole responsibility for that discretionary decision upon the trial judge. [Footnote omitted.] Accordingly, in criminal cases where the evidence of guilt is tenuous, we believe the obligation upon defense counsel to timely file a motion for new trial in order to preserve the defendant's right to judicial review of the weight of the evidence is substantially analogous, if not equal, to defense counsel's obligation to file a notice of appeal in order to preserve the defendant's right to appellate review.
Failure to timely file a notice of appeal is per se ineffective assistance of counsel because a defendant is deprived of his right to appellate review. State v. Meyer, 430 So.2d 440 (Fla. 1983). Since the only judicial review of the weight of the evidence available to an accused is a motion for new trial, a fortiori the failure to timely file such a motion which results in the loss of all judicial review of evidentiary weight should likewise constitute ineffective assistance of counsel [emphasis added], in violation of the defendant's constitutional rights.
462 So.2d at 476-77. Rather than reaching this constitutional issue as a ground for reversal, we reversed and remanded for a new trial in the interest of justice, citing to the supreme court's discussion of this power in Tibbs. We then concluded:
We hold that the unique situation presented in this case warrants granting the defendant a new trial in the interest of justice. We do not base this decision on the insufficient weight of the evidence or other evidentiary shortcomings; rather, we hold that deprivation of the defendant's right to any judicial review of evidentiary weight under these unique circumstances constitutes a fundamental injustice. The defendant never waived or intended to forego his right to judicial review of the weight of the evidence pursuant to a motion for new trial under rule 3.600(a)(2), Florida Rules of Criminal Procedure... . We are unwilling to allow a good faith procedural error caused by the ineffectiveness of defense counsel, the state's failure to timely advise the court of its error, and the trial court's misconception of its authority under the applicable rule to override the interest of the courts in seeing that justice is ultimately done.

Id. at 477-78 (Emphasis added).
These cases establish the fundamental right of a criminal defendant to have a judge determine whether the jury verdict was against the weight of the evidence adduced during trial. We do not say that in every case only the judge who tried the case can make that determination on motion for new trial. However, we do hold that a defendant is entitled to have this review made by a judge who is qualified and able to evaluate the evidence and credibility of the witnesses. Section 38.12, Florida Statutes (1991), explicitly provides: "Upon the resignation, death, or impeachment of any judge, all matters pending before him shall be heard and determined by his successor, and parties making any motion before such judge shall suffer no detriment by reason of his resignation, death, or impeachment." (Emphasis added.) If the emphasized language means anything at all, it means that the party moving for a new trial on grounds the verdict was contrary to the weight of the evidence cannot be penalized or suffer detriment in the sense that such review is incompetently performed because the successor judge is unable to determine, independently of the jury, whether the jury verdict is contrary to the weight and credibility of the evidence.
The record does not reveal why the Chief Judge did not at least endeavor to have Judge Turner temporarily appointed to hear the motion for new trial and, if necessary, impose the sentence in this case. Despite the allegation of Judge Turner's availability to do so in the motion, the record reveals no indication that any attempt to verify his availability was undertaken by the Chief Judge. There can be little question that it is preferable, if at all possible, to have the judge who actually tried the case hear the motion for new trial and impose sentence. *977 Rule 3.700(c), Florida Rules of Criminal Procedure, provides:
(C) Sentencing Judge. In those cases in which it is necessary that sentence be pronounced by a judge other than the judge who presided at trial or accepted the plea, the sentencing judge shall not pass sentence until the judge becomes acquainted with what transpired at the trial, or the facts, including any plea discussions, concerning the plea and the offense.
The committee note indicates that this provision "was added to emphasize that the sentencing procedure should be conducted by the trial judge or the judge taking the plea. The rule makes provision for emergency situations when such judge is unavailable." While that cannot always be done, the record in this case shows that Kelley suffered significant detriment because the successor judge was unable to perform the type of review of the weight and credibility of the evidence to which Kelley was entitled under the rules of court and the law.
Moreover, we cannot treat this deficiency in the proceedings as harmless error, as argued by the state. The evidence in this case was sufficiently tenuous that the trial judge originally granted a judgment of acquittal, a ruling that was reversed on appeal. This ruling on appeal, however, determined nothing more than that the evidence was legally sufficient to go to the jury; it did not, as it could not, determine if the verdict was contrary to the weight and credibility of the evidence. Only the trial judge can make that determination. Our own review of the evidence does not support the conclusion that this error should be treated as harmless.
Therefore, we reverse the order denying the motion for new trial, vacate the conviction and sentence, and remand for reconsideration of the motion for new trial by a judge qualified and able to perform the kind of review and evaluation of the evidence that is required by law. Preferably this would be Judge Turner, if he is available, although the passage of time now makes this task much more difficult for him or any other trial judge. If neither Judge Turner nor a successor judge is able to perform the evaluation of the evidence required by the motion for new trial, then Kelley must be given a new trial on all charges. We believe that in these circumstances such result is required in the interest of justice. Robinson, 462 So.2d 471. In view of this disposition, we find it unnecessary to reach Kelley's second point on appeal contending that, pursuant to rule 3.700(c), Florida Rules of Criminal Procedure, Judge Turner as the trial judge was required to sentence her on the charge of which she stood convicted.
REVERSED AND REMANDED.
MICKLE, J., concurs.
BARFIELD, J., concurs with written opinion.
BARFIELD, Judge, concurring:
I agree with the majority that we must return this case to the trial court; however, the possibility that a judge other than Judge Turner might be able to pass on the manifest weight of the evidence is illusory. No trial level judge can review the weight and credibility of evidence any more than can an appellate court unless that judge presided at the trial. Under the rationale of Tibbs v. State, 397 So.2d 1120 (Fla. 1981), the trial court must grant the defendant a new trial whenever it is alleged that the verdict is contrary to the manifest weight of the evidence in a motion for new trial under Rule 3.600(a)(2), Florida Rules Of Criminal Procedure, and the presiding trial judge is not available to rule on the motion.
It is quite likely that Judge Turner is still available for recall to rule on the motion. If this happens, and he finds the evidence unpersuasive of guilt, Rule 3.600(a)(2) calls for a new trial. But this rule appears to conflict with the double jeopardy clause of the Fifth Amendment to the U.S. Constitution which would call for a discharge of the defendant. As explained by the Supreme Court, "The Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding." Burks v. United States, 437 U.S. 1, 11, 98 S.Ct. 2141, 2147, 57 L.Ed.2d 1 (1978). Under the Florida rule it is possible that the state could repeatedly try the defendant on *978 the same evidence. The evidence would always pass the sufficiency test, but it presumably would never pass the weight test. I think such repeated and vexatious prosecution is also prohibited by the double jeopardy clause.
The Florida Supreme Court did not rule on the double jeopardy issue suggested in this opinion in Tibbs, but the court's rule of criminal procedure and the bit of sophism present in Tibbs suggest that it may be appropriate for the court to revisit its rule, its opinion and the roles of the trial and appellate courts in addressing what the courts see as a miscarriage of justice resulting from a jury verdict of guilty.
NOTES
[1] The motion alleged that Judge Turner was the most qualified to rule on the motion for new trial because he presided over the trial and has knowledge of the facts and points of law involved in the case. The motion also alleged that "[t]he undersigned attorney has contacted Judge Turner and he consents to return to the bench to hear and rule in these matters."