W. SHARP, Judge.
Acton appeals after a jury trial, following which he was adjudicated guilty of possession of a controlled substance.[1] He argues his defense counsel failed to file a motion for new trial, and thus lost the opportunity to have his conviction overturned because the trial judge thought it was contrary to the weight of the evidence. See Tibbs v. State, 397 So.2d 1120 (Fla.1981), affirmed, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982); Kelley v. State, 637 So.2d 972 (Fla. 1st DCA 1994); Fla.R.Crim.P. 3.830.
Based on this record, we are unable to determine whether Acton’s defense counsel’s failure to make the motion for new trial was prejudicial or whether it could be considered harmless error. Our affirmance in this case is without prejudice to Acton’s right to raise this issue in the context of an ineffective assistance of counsel motion, pursuant to Florida Rule of Criminal Procedure 3.850.
AFFIRMED.
THOMPSON, J„ and PADOVANO, P.J., Associate Judge, concur.

. § 893.13(1X6, Fla.Stat. (1993).