687 So.2d 315 (1997)
Samuel SANFORD, Appellant,
v.
The STATE of Florida, Appellee.
No. 95-451.
District Court of Appeal of Florida, Third District.
January 29, 1997.
*316 Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Douglas J. Glaid, Assistant Attorney General, for appellee.
Before NESBITT, GREEN and FLETCHER, JJ.

ON MOTION FOR REHEARING GRANTED
GREEN, Judge.
We grant the State's motion for rehearing, withdraw the opinion dated May 22, 1996, and substitute the following opinion:
After a jury trial, Samuel Sanford was convicted of second degree murder and unlawful possession of a firearm in the shooting death of his live-in girlfriend and mother of their two children. Sanford timely filed his motion for a new trial pursuant to Fla. R.Crim. P. 3.600(a)(2) based upon, inter alia, the verdict being contrary to the weight of the evidence. After this motion was filed, but prior to a hearing on the same, the presiding trial judge sua sponte recused himself from this case. This case was thereafter reassigned to the successor judge below for the disposition of all pending motions. Sanford interposed an objection to the successor judge entertaining his motion, arguing that it necessarily required a consideration of the conflicts in the evidence and the credibility of the witnesses. Sanford reasoned that since the actual trial judge who presided over this case was no longer available to rule on the motion, he was entitled to a new trial on all issues. The successor judge below overruled Sanford's objection and determined that he could entertain this motion after reading the entire trial transcript. After doing precisely that on two occasions, the court below concluded that although there were factual inconsistencies in the evidence, there was "ample evidence in the record to support the jury's verdict" and denied Sanford's motion accordingly. Although the patience and diligence of the successor judge is most commendable, we are compelled to reverse and remand for a new trial.
Sanford was originally charged in this cause with first degree murder, armed burglary,[1] and unlawful possession of a firearm. The killing apparently was the culmination of a domestic dispute between Sanford and the victim. At trial, the state's theory and evidence suggested that the killing was premeditated and occurred as a result of Sanford's anger that the victim would not allow him to leave with their two children. Sanford, on the other hand, defended his shooting of the victim as being justified when the victim came after their infant daughter in a threatening mode with a knife. This was a hotly contested prosecution[2] with conflicting evidence about the events which preceded the shooting. The credibility of the witnesses for both sides played a pivotal, if not critical, role *317 in the determination of this case. It was undisputed, however, that a large knife was discovered underneath the victim's body after the shooting.
Rule 3.600(a)(2) of the Florida Rules of Criminal Procedure expressly permits a trial court to grant a new trial if it determines that "[t]he verdict is contrary to law or the weight of the evidence."[3] At the outset, we note that there is a significant distinction between a challenge to a verdict as being legally insufficient and a challenge to a verdict as being against the weight of the evidence. In the context of criminal cases, the former "means that the prosecution has failed to prove the defendant's guilt beyond a reasonable doubt." Tibbs v. State, 397 So.2d 1120, 1123 (Fla.1981) (citing Burks v. United States, 437 U.S. 1, 16 n. 10, 98 S.Ct. 2141, 2150 n. 10, 57 L.Ed.2d 1 [, 12 n. 10] (1978)), aff'd, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). The latter "is a somewhat more subjective concept" in that "[i]t is a determination of the trier of fact that a greater amount of credible evidence supports one side of an issue or cause than the other." Id. at 1123. A motion based upon the latter, unlike the former, effectively permits a trial judge to reweigh the evidence and redetermine the credibility of witnesses "so as to act, in effect, as an additional juror." Kelley v. State, 637 So.2d 972, 975 (Fla. 1st DCA 1994)(quoting Tibbs, 397 So.2d at 1123).
It is apparent to us from the successor judge's order that the court readily appreciated this distinction in the two motions. However, the court's ultimate expressed reason for the denial of Sanford's motion leads us to conclude that the court nevertheless reviewed the evidence solely for its legal sufficiency and not as to its weight as challenged by Sanford. While we know of no legal impediment to any successor judge entertaining a challenge to a jury's verdict based on legal sufficiency, we conclude that it is virtually impossible for any judge other than the actual trial judge to properly entertain a challenge to a jury verdict based upon the weight where as here, the credibility of the witnesses played such an important role. As Sanford points out, a careful consideration of the credibility of the witnesses cannot be adequately accomplished by a mere reading of the cold trial transcript.
The State asserts, however, that a witness' credibility can be readily gleaned from the witness' consistent and/or inconsistent answers to propounded questions, stated bias or interests in the outcome of the case, etc. While these are certainly factors which the jurors are instructed to consider in determining a witness' credibility, see Florida Standard Jury Instructions in Criminal Cases 2.04 at 14-15, we find that they are not all encompassing. The demeanor, physical appearance, gestures, voice intonations, etc. of the witness while testifying are also critical factors which bear on the credibility of the witness. And such factors clearly cannot not be captured or articulated on a trial transcript. Only the judge who actually presided over Sanford's trial and observed the witnesses will know what significance, if any, such factors played in the outcome of the trial.
We feel especially compelled to reach our conclusion today in light of the supreme court's pronouncement in Tibbs v. State that only the trial judge could evaluate the weight and credibility of the evidence and grant a new trial where the verdict was against the manifest weight and that an appellate court could no longer reverse such a determination. 397 So.2d at 1125. Indeed, after Tibbs, except where the interest of justice otherwise requires a reversal pursuant to Rule 9.140(f) of the Florida Rules of Appellate Procedure, the only appropriate concern of the appellate courts is the legal sufficiency as opposed to the evidentiary weight of the evidence. Id. at 1125-26.
Since the actual trial judge in this case is unable to entertain Sanford's motion due to his recusal, and the outcome of Sanford's case depended substantially on the credibility of the fact witnesses, we conclude that the only appropriate and fundamentally fair remedy *318 would be to reverse this cause for a new trial. Like the Kelley majority, we decline to announce a per se rule mandating a new trial in every instance where the trial judge is unavailable to entertain a post-trial weight-of-the-evidence motion. See 637 So.2d at 976. We leave open the possibility of a criminal trial where the credibility or demeanor of the witnesses is relatively insignificant to the outcome of the case. In such an instance, it is conceivable that a successor judge could be competent to entertain a motion brought pursuant to Rule 3.600(a)(2).
Reversed.
NOTES
[1] The trial judge granted Sanford's motion for judgment of acquittal as to the charge for armed burglary.
[2] Although we need not address them by virtue of our decision, Sanford's other points on this appeal included accusations of attempts by the victim's family to improperly intimidate and/or influence the jurors by audio taping the voir dire proceeding; wearing T-shirts to court with a large picture of the victim printed thereon; coaching the victim's ten year old daughter as she testified for the state; abruptly leaving the courtroom while sobbing loudly; and nodding to the jurors.
[3] The civil counterpart to this rule, Rule 1.530(a), Florida Rules of Civil Procedure, similarly permits motions for new trial to be filed but unlike Rule 3.600, does not delineate the grounds therefor.