GREEN, Judge.
Derrick Moss was convicted of strong-arm robbery after a jury trial. He thereafter timely filed a motion for new trial pursuant to Rule 3.600(a)(2), Fla.R.Crim.P. and asserted that although the state’s evidence may have been legally sufficient to support a conviction, the verdict was against the manifest weight of the evidence. The trial court’s denial of this motion is the sole issue on this appeal.
Under Rule 3.600(a)(2), a trial court in a criminal proceeding is permitted to grant a new trial if it determines that “[t]he verdict is contrary to law or the weight of the evidence.” It must first be pointed out that there is a significant difference between a challenge to the legal sufficiency of the evidence and a challenge made to the weight of the evidence. Sanford v. State, 687 So.2d 315, 316-17 (Fla. 3d DCA 1997). A challenge to the former “means that the prosecution has failed to prove the defendant’s guilt beyond a reasonable doubt.” Tibbs v. State, 397 So.2d 1120, 1123 (Fla.1981) (citing Burks v. United States, 437 U.S. 1, 16 n. 10, 98 S.Ct. 2141, 2150 n. 10, 57 L.Ed.2d 1 [, 12 n. 10] (1978)), aff'd, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). A challenge to the latter, however, “is a somewhat more subjective concept” in that “[i]t is a determination of the trier of fact that a greater amount of credible evidence supports one side of an issue or cause than the other.” 397 So.2d at 1123. Indeed, a motion attacking the weight of the evidence permits the trial judge to reweigh the evidence and redetermine the credibility *1261 of the witnesses “so as to act, in effect, as an additional juror.” Sanford, 687 So.2d 315, 317; Kelley v. State, 637 So.2d 972, 975 (Fla. 1st DCA 1994). That is precisely what the court below was called upon to do pursuant to Moss’ motion and what is now the subject matter of this appeal.
Unfortunately for Moss, however, the supreme court in Tibbs abolished any authority or doctrine which had previously permitted appellate courts to reverse a trial court’s determination of an evidentiary weight motion made pursuant to Rule 3.600(a)(2).- As the court said, “[Ilegal sufficiency alone, as opposed to evidentiary weight, is the appropriate concern of an appellate tribunal.” Tibbs, 397 So.2d at 1123; see also Sanford, 687 So.2d 315, 317-18; Kelley, 637 So.2d at 974. Thus, where as here, there is competent evidence to support Moss’ conviction and there has otherwise been no assertion of reversible error being committed in the trial itself, our duty is only to affirm the conviction. Tibbs, 397 So.2d at 1125.
Affirmed.