703 So.2d 1097 (1997)
STATE of Florida, Appellant,
v.
Donna Irene MAY, Appellee.
No. 96-04194.
District Court of Appeal of Florida, Second District.
October 29, 1997.
Rehearing Denied December 9, 1997.
*1098 Robert A. Butterworth, Attorney General, Tallahassee, and Patricia E. Davenport, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Cynthia J. Dodge, Assistant Public Defender, Bartow, for Appellant.
QUINCE, Judge.
The State challenges the trial judge's decision that he was unable to properly rule on Donna Irene May's motion for new trial. We reverse and remand with instructions that the trial court reconsider the new trial motion because a decision on the motion for DUI manslaughter offense does not require the successor judge to make any credibility determinations.
Donna Irene May was charged with manslaughter by culpable negligence, manslaughter by impaired driver, and vehicular homicide, following a collision which resulted in the death of Laura Hassan. Her first trial on these charges ended in a jury conviction on all three counts. Following the jury verdict, May moved for a new trial and the trial judge granted the motion. The State appealed and this court upheld the trial court's ruling. State v. May, 641 So.2d 1352 (Fla. 2d DCA 1994)(per curiam affirmed).
May was charged with the same crimes a second time and the second trial resulted in her conviction for manslaughter by impaired driver (DUI manslaughter) and vehicular homicide, but acquittal for manslaughter by culpable negligence. Following her conviction for vehicular homicide and DUI manslaughter in the second trial, May moved for a new trial and renewed her previously made motion for judgment of acquittal. The trial court granted May's motion for judgment of acquittal as to both counts and did not address the motion for new trial. The State appealed and this court affirmed the judgment of acquittal on the vehicular homicide charge, reversed the trial court's judgment of acquittal on the DUI manslaughter charge, reinstated the conviction for that count, and remanded for a hearing on the motion for new trial. State v. May, 670 So.2d 1002 (Fla. 2d DCA), review denied, 676 So.2d 1368 (Fla. 1996).
On remand, despite a request by the parties, the presiding trial judge was unable to hear argument on the new trial motion because of his ill health. A successor judge was assigned to the case. Following an evidentiary hearing, a thorough review of the record in the second trial, and a review of selected pleadings in the first trial, the successor judge concluded he did not have authority to deny the portion of May's new trial motion based on Florida Rule of Criminal Procedure 3.600(a)(2), the disposition of which he believed required credibility determinations based on the testimony of witnesses that he did not see or hear. Accordingly, the successor judge felt compelled to grant May a new trial. This appeal timely followed.
The issue raised in this case is whether a successor judge has the authority to hear a new trial motion premised on the verdict being against the greater weight of the evidence. This issue is one of first impression for our district. A new trial motion is made pursuant to rule 3.600 and may be based on two grounds: (i) the legal sufficiency of the evidence or (ii) the weight of the evidence. Fla. R.Crim. P. 3.600(a)(2). There is a distinct difference between review on these two grounds. Tibbs v. State, 397 So.2d 1120 (Fla.1981), aff'd, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982); Moss v. State, 689 So.2d 1260 (Fla. 3d DCA 1997). Review for legal sufficiency examines the adequacy of the evidence. Tibbs, 397 So.2d at 1123. "[A] finding that the evidence is legally insufficient means that the prosecution has failed to prove the defendant's guilt beyond a reasonable doubt." Id. Review for the weight of the evidence involves the determination of whether "a greater amount of credible evidence supports one side of an issue or cause than the other." Id.
Only two district courts have directly addressed this successor judge issue. Sanford v. State, 687 So.2d 315 (Fla. 3d DCA), review *1099 denied, 697 So.2d 512 (Fla.1997); Kelley v. State, 637 So.2d 972 (Fla. 1st DCA 1994).[1] In Sanford, the trial judge recused himself following a trial on the merits and a verdict but prior to the disposition of posttrial motions. In Kelley, the presiding trial judge retired prior to disposition of the new trial motion. Both Sanford and Kelley premised their decisions on the principles discussed by the Florida Supreme Court in Tibbs. Tibbs addressed the constitutional concerns raised by an appellate court's review of a rule 3.600(a)(2) new trial motion. Following a detailed analysis, the Tibbs court ruled that only trial courts, who by virtue of their positions possess direct and first hand knowledge of a case, can rule on "weight of the evidence" new trial motions. Thus, the Tibbs court reasoned that an appellate court may only review whether the evidence adduced at trial was sufficient to support the jury's verdict. Tibbs, 397 So.2d at 1125.
Relying on Tibbs, the Sanford and Kelley courts ruled that a successor judge, who like an appellate court would be forced to rely on a "cold" record, generally does not have the authority to entertain a new trial motion based on the "greater weight of the evidence." Sanford, 687 So.2d at 317; Kelley, 637 So.2d at 976. While neither decision adopted a per se rule, the Kelley court stated its holding in potentially broader terms. The Kelley court held:
We do not say that in every case only the judge who tried the case can make that determination on motion for new trial. However, we do hold that a defendant is entitled to have this review made by a judge who is qualified and able to evaluate the evidence and credibility of the witnesses.
637 So.2d at 976. The Kelley court went on to cite rule 3.700, which permits a successor who has become acquainted with a record to sentence a defendant, in concluding that a successor who is qualified to evaluate the evidence may rule on a new trial motion. Thus, Kelley stands for the proposition that only a judge competent to assess whether the verdict was against the weight of the evidence may rule on a new trial motion. Under Kelley that judge is presumably the original trial judge.
The holding in Sanford is somewhat more limited. After stating that its decision does not create a bright line rule, the Sanford court narrowly left "open the possibility" that a successor judge may appropriately rule on a new trial motion when the credibility and demeanor of witnesses are "relatively insignificant to the outcome of the case." Sanford, 687 So.2d at 318. In such circumstances, the successor judge could, conceivably, become competent to rule on a new trial motion. However, the opinion suggests that such competence is rarely attainable in cases where the credibility of witnesses plays a role. Notably, the Sanford court's emphatic conclusion that "it is virtually impossible for any judge other than the actual trial judge to properly entertain a challenge to a jury verdict based upon the weight of the evidence" where credibility "plays an important role," 687 So.2d at 317, echoes Judge Barfield's concurrence in Kelley wherein he states that the possibility of a judge other than the predecessor trial judge reviewing the weight and credibility of evidence on a *1100 new trial motion is "illusory." 637 So.2d at 977.
The decisions in both Kelley and Sanford are premised on the principle that only the trial judge who sat through the presentation of evidence can reweigh the evidence, i.e., resolve conflicts, and redetermine the credibility of the witnesses. A successor trial judge faced with a new trial motion must review the basis for the motion and review the record to determine if these issues are present. If the motion rests on the determination of credibility or resolution of conflicts, the court should grant the new trial motion, unless the original presiding judge is available to hear the motion. Where credibility or conflicting evidence is not implicated, a trial judge who conscientiously reviews the record should be presumptively competent to rule on the matters raised in a new trial motion pursuant to rule 3.600(a)(2).
A trial judge's acknowledgment that he or she has reviewed the record in the case is sufficient "certification" of competence to allow the successor judge to rule on the merits of a new trial motion. If, however, the successor judge can not certify, after a thorough review of the record, that he or she has become competent to rule, then the new trial motion must be granted. Although we can conceive of few circumstances in which that would occur, we nevertheless affirm the trial judge's authority to make the final determination as to his or her own ability to rule on a motion before the court.
In the present case, the successor judge indicated he could not rule on a new trial motion based on the weight of the evidence. The judge opined he saw no alternative to granting yet a third trial in this case because a successor judge was not authorized "to weigh and compare testimony of witnesses whom he did not see or hear." This determination, however, overlooks the fact that there are no conflicts in the evidence or credibility choices to make on the only remaining conviction, the DUI manslaughter.
Of the original charges, May was acquitted of manslaughter by culpable negligence, and the trial court's judgment of acquittal on the vehicular homicide count was affirmed on appeal. Thus, following remand from the State's appeal of the second verdict against May, only one legal ground upon which to prosecute May remained, the DUI manslaughter. The nature of a cause of action for DUI manslaughter is a claim that the defendant caused the death of another by operating a vehicle while under the influence of alcohol or a controlled substance. May, 670 So.2d at 1004. The facts supporting this charge are not in dispute. May was given an injection of Demerol at her doctor's office to relieve the nausea caused by her migraine headaches. Demerol is a controlled substance under chapter 893, Florida Statutes (1991). Thompson v. Dep't of Prof'l Reg., 488 So.2d 103 (Fla. 1st DCA 1986). May subsequently left the doctor's office and drove her car to the pharmacy to get a prescription filled. May concedes in her posttrial motions that she was under the influence of Demerol almost immediately after being injected, and drove her car while in that condition. The accident, resulting in death, occurred a short time after she left the pharmacy in her car and attempted to drive while under the Demerol's influence.
Since these facts are not disputed, the determination of the new trial motion based on the DUI manslaughter charge does not require a resolution of conflicting evidence or a credibility determination. Absent the necessity of ruling on these issues, the successor judge should review the record, become competent to rule, and rule upon the new trial motion.[2]
The record reflects this successor judge acquired such competence. Thus on remand, he should certify his competence on the record and rule on May's new trial motion. The order granting a new trial is hereby reversed.
THREADGILL, A.C.J., and NORTHCUTT, J., concur.
NOTES
[1] Despite the lack of decisions on the scope of a successor judge's authority, a successor judge's authority to rule in a presiding judge's absence is addressed in the Florida rules. Florida Rule of Criminal Procedure 3.231 governs the appointment of a successor judge upon the death or disability of a presiding judge. This rule, which is similar to rule 3.700 cited in the Kelley decision, permits a successor to rule on posttrial motions pending the court's certification that it has become competent, following a review of the record, to render a decision. Fla. R.Crim. P. 3.231. The State argues that this rule would permit a successor judge to hear a new trial motion based on the weight of the evidence.

Rule 3.700 is somewhat broader in scope. That rule permits a successor judge to rule on sentencing in cases of "necessity." This term has been construed to govern "emergency" cases only. It is unclear whether a judge's reassignment constitutes the type of "necessity" contemplated by rule 3.700. But see Adams v. State, 22 Fla. L. Weekly D1790, ___ So.2d ___ (Fla. 2d DCA July 23, 1997) (Fulmer, J., dissenting). While only the Kelley court relied upon this rule in its decision, the procedure set forth in these rules is consistent with the ultimate holding in each of these cases.
[2] We note that May also challenges the trial court's denial of a jury instruction on involuntary impairment. We express no opinion on the merits of this argument.