16 So.3d 196 (2009)
Jason Ian KELLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 1D08-3377.
District Court of Appeal of Florida, First District.
August 6, 2009.
Nancy A. Daniels, Public Defender, and Steven L. Seliger, Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Thomas D. Winokur, Assistant Attorney General, Tallahassee, for Appellee.
BROWNING, J.
After a jury trial presided over by Judge Glenn Hess, Kelley was convicted of felony battery. Kelley filed a motion for new trial on several grounds, including that a new trial was required by Florida Rule of Criminal Procedure 3.600(a)(2) because the verdict was contrary to the weight of the evidence. Before the motion for new trial was heard, Judge Hess resigned from the bench to run for state attorney and the case was reassigned to Judge Don T. Sirmons. The state called Judge Hess to testify at the hearing on the motion for new trial. Judge Hess testified that, in his opinion, the jury's verdict was not against the manifest weight of the evidence. Judge Sirmons, citing his own review of the trial transcript and former Judge Hess' testimony, denied the motion for new trial. We are constrained to reverse and order a new trial.
A trial court "shall grant a new trial" if "[t]he verdict is contrary to ... the weight of the evidence." Fla. R.Crim. P. 3.600(a)(2). "When considering a motion *197 for new trial under rule 3.600(a)(2) based on a claim that the verdict is against the weight of the evidence, the trial court must exercise its discretion to determine whether a greater amount of credible evidence supports an acquittal." Ferebee v. State, 967 So.2d 1071, 1073 (Fla. 2d DCA 2007) (citation and internal quotation marks omitted). "Rule 3.600(a)(2) thus enables the trial judge to weigh the evidence and determine the credibility of witnesses so as to act, in effect, as an additional juror." Id. at 1072 (quoting Tibbs v. State, 397 So.2d 1120, 1123 n. 9 (Fla.1981)).
In the specific context of a presiding judge who, for whatever reason, was unable to hear a rule 3.600(a)(2) motion, this court has held that "a defendant is entitled to have this review made by a judge who is qualified and able to evaluate the evidence and credibility of the witnesses." Kelley v. State, 637 So.2d 972, 976 (Fla. 1st DCA 1994). The Second District read Kelley to mean that a successor judge "generally does not have the authority to entertain a new trial motion based on the greater weight of the evidence" because a successor judge "would be forced to rely on a `cold' record...." State v. May, 703 So.2d 1097, 1099 (Fla. 2d DCA 1997). That court agreed in principle, noting that "[i]f the [rule 3.600(a)(2) ] motion rests on the determination of credibility or resolution of conflicts, the court should grant the new trial motion, unless the original presiding judge is available to hear the motion." Id. at 1100. The court ultimately reversed the order granting a new trial because credibility was not at issue in that case and the successor judge was therefore competent to rule. Id.
The parties agree that credibility was at issue in this case and that Judge Sirmons could not have ruled on the motion for new trial based on the cold record alone. Moreover, the state conceded during oral argument that if error occurred in the trial judge's allowing and considering Judge Hess' testimony, such error could not be harmless. The question for us, then, is whether Judge Sirmons was competent to rule on the motion because he also had the benefit of Judge Hess' testimony.
We hold he was not. Defendants have the right "to have the trial judge evaluate and weigh the evidence independently of the jury's findings to determine whether the jury verdict was contrary to the weight of the evidence." Kelley, 637 So.2d at 974. Only a trial judge can perform this function. Id. Once Judge Hess resigned, the "trial judge" was Judge Sirmons. Judge Sirmons, and only Judge Sirmons, therefore had the duty to independently evaluate and weigh the evidence. He could not fulfill this duty on his own because he did not preside at trial and witness credibility was at issue. He certainly could not outsource this duty to former Judge Hess, a private citizen at the time he testified.
We REVERSE and REMAND with instructions to grant Kelley's rule 3.600(a)(2) motion for new trial.
DAVIS, J., concurs; and THOMAS, J., dissents with opinion.
THOMAS, J., Dissenting.
I respectfully dissent. Rule 3.590(a) of the Florida Rules of Criminal Procedure provides that a motion for a new trial must be filed within ten days of rendition of a verdict. Appellant filed his motion for new trial on the tenth day after the verdict was rendered, after sentencing, and on the day that Judge Hess stepped down from the bench. By postponing the filing of this motion until the tenth day, a date that counsel for Appellant knew would be the trial judge's last day on the bench, Appellant guaranteed that the original trial judge would not be able to hear the motion. *198 As noted by the majority, a successor judge does not have the authority to hear a motion for new trial when the motion is based on an argument that the verdict is against the greater weight of the evidence. As such, by Appellant's decision to file his motion as late as possible, he virtually ensured himself a new trial. Appellant specifically noted in the motion that, in his case, "the only recourse is a new trial."
"A search for truth and justice can be accomplished only when all relevant facts are before the judicial tribunal. Those relevant facts should be the determining factor rather than gamesmanship, surprise, or superior trial tactics." Dodson v. Persell, 390 So.2d 704, 707 (Fla.1980). Appellant's act in filing the motion at the end of the trial judge's term on the bench was one of gamesmanship and is against policy objectives that "seek to eliminate legal trickery and procedural gamesmanship by crafty litigants who intentionally cause error or allow error to creep into the trial proceedings so they can complain about it on appeal." Caldwell v. State, 920 So.2d 727, 730 (Fla. 5th DCA 2006) (discussing the contemporaneous objection rule). Appellant cannot take advantage of the alleged error in allowing a successor judge to hear his motion for a new trial where he essentially invited the error by postponing the filing of the motion. See Czubak v. State, 570 So.2d 925, 928 (Fla.1990). Appellant's "gotcha" technique should not be rewarded with a new trial. See Long v. AvMed, 14 So.3d 1264 (Fla. 1st DCA 2009) (granting Appellee's motion for attorneys' fees pursuant to section 57.105, Florida Statutes, and noting that Appellant "jumped the gun" and filed a "gotcha" suit). Accordingly, I would affirm Appellant's conviction and sentence.