CLARK, J.
Following convictions for attempted second degree murder, attempted felony murder, armed robbery and fleeing or attempting to elude a law enforcement officer, the appellant raises several issues on appeal. Only one merits discussion.
The appellant contends that a successor judge should not have ruled on the appellant’s motions for a new trial. Even though the appellant’s motions raised an issue as to the weight of the evidence, there was no significant issue of credibility in this case or any substantial dispute as to the material factual occurrences. The successor judge properly considered the appellant’s motions as matters within the judge’s lawful authority.
After the jury returned guilty verdicts, the appellant discharged his trial counsel and filed a pro se motion seeking to disqualify the presiding judge from further proceedings in the case. In response, the judge recused himself and the appellant filed a pro se motion for new trial. The case was assigned to a successor judge, who held a hearing on the motion for new trial. On the day of that hearing, the appellant submitted a second pro se motion for new trial. In his motions, the appellant asserted that the case involved circumstantial evidence and inferences, and issues of mental intent. In addition, the appellant suggested that police officers had not testified truthfully. At the hearing, the successor judge orally denied the appellant’s requests for a new trial and the appellant objected to the judge’s consideration of the matter.
The appellant contends that because the successor judge did not hear the evidence at trial, he could not make an assessment as to the weight of the evidence in connection with the motions for new trial. While cases such as Kelley v. State, 16 So.3d 196 (Fla. 1st DCA 2009), do recognize such a limitation, that restriction on the successor judge’s authority does not necessarily apply in situations where there is no legitimate issue regarding the credibility of live witnesses in their material testimony. See State v. May, 703 So.2d 1097 (Fla. 2d DCA 1997); see also Sanford v. State, 687 So.2d 315 (Fla. 3d DCA 1997). Because the decision of the trial court did not “require the successor judge to make any credibility determinations,” the successor judge properly considered the motions filed by the appellant after the appellant successfully moved to disqualify the original presiding judge. State v. May, supra.
The denial of the appellant’s request for a new trial, and the convictions on appeal are affirmed.
BENTON, C.J., and MARSTILLER, J., concur.