# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-5343

_____

STATE OF FLORIDA,

    Appellant,

    v.

DENNIS A. BOHLER,

    Appellee.

_____

On appeal from the Circuit Court for Hamilton County.
Andrew J. Decker, III, Judge.

February 11, 2019

WINSOR, J.

After a jury convicted Dennis Bohler of drug possession, the trial court granted his motion for new trial. This is the State's appeal of that decision. We have jurisdiction, *see* Fla. R. App. P. 9.140(c)(1)(C), and we affirm.

The State charged Bohler with sale of a controlled substance within 1,000 feet of a childcare facility, along with possession of a controlled substance with intent to sell. To build their case, authorities had wired a confidential informant and sent him to the tire store where Bohler worked. The State's effort to gather video evidence of a drug transaction was unsuccessful. As the trial court found, "[m]any of the shots were of the tops of trees, floors, and everything but an actual drug transaction." The court went on to

conclude that it was "apparent that this occasion was the informant's first use of hidden taping equipment and no practice or dry-run was ever tried to hone or refine the informant's technical proficiency." But the State did have the informant's word. The informant testified that he gave Bohler money for drugs and that Bohler then went with him to get the drugs from a nearby car, but that the drugs were not there. The informant reported that Bohler told him to come back in thirty minutes, after which Bohler told him to look in an open desk drawer in the tire store. There, the informant testified, he found and took cocaine, completing the transaction.

Bohler testified in his defense, denying that he sold the informant drugs. The case therefore turned on whether the jury believed the informant or Bohler. The jury ended up acquitting Bohler on the drug-sale charge, but it convicted him of simple possession, a lesser included offense. Bohler then moved for a new trial, arguing—among other things—that the jury's verdict was contrary to the weight of the evidence, *see* Fla. R. Crim. P. 3.600(a)(2), and that the trial court should have allowed Bohler more leeway in impeaching the informant, *see id.* 3.600(b)(6).

After a hearing, the court entered a detailed written order granting Bohler a new trial. We now review that order under the abuse-of-discretion standard, *Stephens v. State*, 787 So. 2d 747, 754 (Fla. 2001), keeping in mind that "a stronger showing is required to upset an order granting than an order denying a motion for new trial," *Cloud v. Fallis*, 110 So. 2d 669, 673 (Fla. 1959).

When considering a rule 3.600(a)(2) new-trial motion based on weight of the evidence, "the trial court must exercise its discretion to determine whether a greater amount of credible evidence supports an acquittal." *Kelley v. State*, 16 So. 3d 196, 196-97 (Fla. 1st DCA 2009) (quoting *Ferebee v. State*, 967 So. 2d 1071, 1073 (Fla. 2d DCA 2007)). The court must "weigh the evidence and determine credibility just as a juror would." *Bell v. State*, 248 So. 3d 208, 209 (Fla. 1st DCA 2018), review denied, 2018 WL 6619798 (Fla. Dec. 17, 2018); *accord Tibbs v. State*, 397 So. 2d 1120, 1123 n.9 (Fla. 1981) ("Rule 3.600(a)(2) thus enables the trial judge to

2

weigh the evidence and determine the credibility of witnesses so as to act, in effect, as an additional juror.").

Here, in granting Bohler's motion, the court did just that: it weighed the evidence and considered witness credibility. It concluded that the informant—the State's principal witness—had little credibility, noting he had fought with Bohler, had business disputes with Bohler, and had a strong desire to make a drug buy to secure a favorable sentence in his own criminal case. And it also weighed the other evidence presented, concluding that the verdict was against the manifest weight of the evidence. Although the State argues that the court improperly considered evidence that was not presented to the jury, the court's determinations about the evidence that *was* presented is enough to uphold the court's order. In short, the State has not met its difficult burden of showing an abuse of discretion.

AFFIRMED.

ROWE and BILBREY, JJ., concur.

––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––

Ashley B. Moody, Attorney General, and Robert Quentin Humphrey, Assistant Attorney General, Tallahassee, for Appellant.

Andy Thomas, Public Defender, and Steven L. Seliger, Assistant Public Defender, Tallahassee, for Appellee.

3